## STATE *v.* TILLEY.

### HURDY-GURDY DANCE HOUSES.

A house kept for public dancing simply is not a " hurdy-gurdy " house, within the meaning of the act of the legislature, passed October 22, 1864, entitled, " An act to regulate hurdy-gurdy dance houses."

APPEAL from Wasco.     The facts are stated in the opinion.

*B. Whitten*, for respondent.

*J. E. Atwater*, for appellant.

By the Court, WATSON, J.:

The defendant, Tilley, was indicted by the grand jury of Wasco county, on the 5th day of July, 1880.     The part of the indictment charging his alleged offence is as follows:

" Taylor Tilley is accused by the grand jury of the county

of Wasco, state of Oregon, by this indictment, of the crime of keeping a dance house, without first having obtained a license therefor, committed as follows : " The said Taylor Tilley, on the first day of March, A. D. 1880, and at divers times between that time and the finding of this indictment, in the county and state aforesaid, did then and there wilfully and unlawfully keep a public dance house, without first having obtained a license, agreeably to the law for that purpose, and then and there failed and neglected to secure and obtain a license therefor; and then and there did suffer and permit certain persons, as well men as women, to frequent said house, as well in the night as in the day, and then and there to be and remain engaged in public dancing. The said Taylor Tilley being then and there the keeper of said dance house."

Defendant demurred to this indictment, upon the ground that it did not state facts sufficient to constitute a public offence or crime. The court overruled the demurrer, and the defendant thereupon entered his plea of not guilty.

A trial was had, and the jury having found a verdict of guilty as charged in the indictment, the court, on July 28, 1880, sentenced the defendant to pay a fine of five hundred dollars, with the usual alternative of imprisonment in case of default in payment of such fine.

From this judgment this appeal has been brought. As shown by the bill of exceptions, several instructions were asked by defendant's attorneys at the trial, which were refused by the court. To this ruling counsel for defendant excepted, and also excepted to several instructions given by the court.

But we think they raise substantially the same question made on the demurrer to the indictment, and that the same determination will apply.

The indictment was found under the provisions of the act of the legislature passed October 22, 1864, entitled " An act to regulate hurdy-gurdy dance houses." This act declares that " from and after the first Monday in December, 1864, no person or persons shall be allowed to keep any house for the

public dancing commonly called hurdy-gurdies, unless licensed to do so, as provided by this title."

Miscellaneous laws (Code of 1872), page 652, secs. 18 and 19, provide : "Every such person, or persons, so engaged in keeping such hurdy-gurdy house, shall pay for such privilege one hundred dollars per month, and no license shall be granted for a less term than one month." Sec. 20 gives the form of license to be used. It is to "keep a hurdy-gurdy house." Sec. 22 declares that any person who suffers or permits the dancing described in this title, in any house, tenement or building, room or part thereof, owned or occupied, or controlled by him, is to be deemed a keeper of such dance house, within the meaning of this title, and shall be required to license accordingly."

It is plain from an examination of these provisions of the statute, that the legislature intended to exact a license only from those who should keep houses for that species of public dancing commonly called "hurdy-gurdies," at the time of its passage, and that keepers of houses for public dancing, merely, are not within the meaning of its requirements as to obtaining license.

The indictment in this case, neither in terms nor substance, charges the defendant Tilley with keeping anything more than a house for public dancing, and public dancing generally, and in our judgment, the courts are not at liberty to ignore it. We are clearly of the opinion that the indictment in this case does not charge the defendant Tilley with any offence under this statute. It should have charged, if such was the fact, that he kept a house for public dancing, commonly called hurdy-gurdies, by proper allegations, and thereby afforded him an opportunity to defend against the charge on his trial before the jury.

We have not attempted to define the meaning of the term "hurdy-gurdies," nor do we conceive it necessary to do so in the decision of the case before us. The error in the judgment of the court below did not consist in giving a wrong inter-

pretation to that term, but, as we view it, in rejecting, altogether, the limitation, it was designed by the legislature to impose upon the operation of the statute under consideration.

The judgment of the circuit court must be reversed with costs.

Judgment reversed.