CATHARINE BEHR, PLAINTIFF IN ERROR, v. DELANE A. WILLARD, GEORGE E. WILLARD, WILLIAM H. ROBERTSON, JOHN BEHR, CHARLES S. BARNES, AND ALMINA M. ROBERTSON, DEFENDANTS IN ERROR.

1. **Organization of Counties.** Upon the holding of an election for county and precinct officers, pursuant to the call of the special commissioners appointed by the governor for the purpose of organizing a new county, and the canvassing of the votes cast at such election by such special commissioners, such county "is permanently organized according to law."

2. **Specific Performance.** Action to compel the specific performance of a contract for the conveyance of real property. R. and J. B. agreed with C. B. to purchase certain real property from W. & W., in consideration of C. B. advancing money to pay for the said property, and to erect a house thereon. R. and J. B. agreed to take the contract of purchase in the name of C. B., and allow her to hold the same as security, and that R. and J. B. would repay her the amount of such advances and interest. C. B. advanced the money accordingly, but R. fraudulently took the contract in the names of R. and J. B., and by fraudulently erasing the name of J. B. therefrom assigned the same to one C., who assigned the same to A. M. R., who assigned the same to C. S. B., all of whom had notice. Suit by C. B., plaintiff, to compel specific performance of the contract as it should have been drawn, and to reform contract. *Held*, That J. B. was a necessary party defendant.

ERROR to the district court for Platte county. The action there was to compel the specific performance of a contract for the sale of real estate situated in Genoa, Nance county. The defendants moved to dismiss the cause for want of jurisdiction, on the hearing of which it was stipulated that an election was held in Nance county, Nov. 4, 1879, for the purpose of electing certain county and precinct officers, who duly received certificates of election, and at the trial of this cause at the October term, 1880, were in full possession and discharging the duty of their respective offices; that there was not then and never had been a district court or court of general jurisdiction established by law or otherwise in Nance county; that all the defendants except John Behr, at the commencement of suit, July 15, 1880, resided in Nance county, and were duly served with process; and that plaintiff and John Behr resided in Platte county, where the action was brought. The motion to dismiss was sustained and judgment rendered against plaintiff. Other facts, necessary to a further understanding of the case, appear in the opinion.

*W. S. Geer*, for plaintiff in error.

*Theo. F. Elliott* and *George G. Bowman*, for defendants in error.

COBB, J.

The territory now embraced in the county of Nance was, until about the year 1878, an Indian reservation of the United States, and not within any county of the state. About that time the Indian tribe for whose benefit such territory had been reserved was removed therefrom by federal authority, and the lands embraced in said reservation brought into market by act of congress. Federal authority being thus withdrawn, the

said territory fell fully within the provisions of the act of 1873, Gen. Stat., 248, which are: " All counties which have not been organized in the manner provided by law, or any unorganized territory in the state, shall be attached to the nearest organized county directly east for election, judicial, and revenue purposes * * * If two or more organized counties or portions thereof lie directly east of any unorganized county, then the portions of territory of such unorganized county which lie either north or south of a line running directly west and in continuation of the boundary line between such organized counties, shall be attached to the organized county directly east of such territory for all purposes of this subdivision."

Under these provisions, that portion of said territory embracing the real estate involved in this action was, for the purposes named, attached to Platte county, while the south portion of said territory was attached to Polk county. Thus the matter stood when the act of Feb. 13, 1879, was passed. [Laws 1879, 148. Comp. Stat., sec. 46, chap. 17 and note.] An examination of that act, together with the provisions of law hereinbefore quoted, cannot fail to satisfy any one that in its passage the legislature had two objects in view, and those only, to-wit: to name the new county, and to detach the southern portion from its temporary connection with Polk county and attach it to the county of Merrick. The latter clause of the act, which provides that the two portions of the new county should remain attached to the counties of Merrick and Platte respectively, " until the officers shall have been elected and the said county permanently organized according to law," simply declares the law as it then stood. So far as that portion of said county which is of interest to this case is concerned, it was not affected in the remotest degree by the passage of said act, except in re-

spect to the name of the new county. And by refer-
ence to the law according to which said county must
be organized, we find that the canvassing of the votes
cast at the election for county officers called by the
special commissioners, is the last act in the function of
organization—the county is thenceforth permanently
organized according to law. The sentence last quoted
was intended by the legislature to mean precisely as
though it read, "until the officers shall have been
elected, and the said county thus permanently organ-
ized." We fully recognize the rule of construction
which, if possible, gives some meaning and purpose to
every word of a statute, but to give to every superflu-
ous sentence or repetition in language a volume of
meaning would be quite as mischievous as to leave
important provisions unconsidered.

Our attention is called to another act approved the
same day as the act above referred to entitled "An act
to appropriate money and applying the same in pay-
ment of the expenses of carrying on the prosecution
of desperate criminal cases" [Laws 1879, 394], and
also to another act approved a few days later "to
authorize the judge of the district court to designate
the county where an indictment may be found, and
the person tried for any felonious offense charged to
have been committed in any unorganized county or
territory in this state, or in any county where no dis-
trict courts are held," etc. [Laws 1879, 62.] The best
consideration that we have been able to give this act,
as well as the other contemporaneous matters to which
the attention of the court is called by counsel, lead to
conclusions quite the contrary of those urged by him.
This act, as well in the title as in the first section,
clearly recognizes the fact that there were. *organized*
counties in this state where no terms of the district
court are held. And it leaves no room for doubt that

the legislature, in full view of such state of things, sought to remedy it by means which could only be sustained, if at all, by reasoning the very reverse of that which we are urged to follow in this case.  So that neither from the terms of the act under consideration nor those of other acts then before the legislature, nor any contemporaneous fact or circumstance do we find any reason to doubt that it was the intention of the legislature that, upon the election of county officers and the canvassing of the votes cast at such election, by the special commissioners appointed by the governor, Nance county should take her place among the fully and permanently organized counties of the state.

Plaintiff in error presents another point.  One of the defendants, John Behr, was a resident of Platte county where the action was brought.  The statute, sec. 53 of the civil code, provides as follows: "An action to compel the specific performance of a contract of sale of real estate may be brought in the county where the defendants or any of them reside."  It will not be contended that a plaintiff can give a court jurisdiction of a given case by adding the name of an unnecessary party as defendant.  It will therefore be necessary for us to examine the petition and see whether, as the case is therein presented, John Behr is a proper defendant.  If he is then the action was properly brought in Platte county without regard to the question of the organization of the county of Nance.

In and by the said petition the said plaintiff charges that the defendants, William H. Robertson and John Behr, on or about the 10th day of November, 1879, purchased of the defendants, the Willards, twenty-two feet of lot four in block twenty-one in Genoa, Nance county, for the sum of forty dollars, ten dollars of

which sum was paid down, and the balance of thirty dollars to be paid on or before the 15th day of July, 1880. That before and at the time of said purchase it was agreed by and between the plaintiff on the one part, and the defendants, John Behr and W. H. Robertson, on the other part, that the plaintiff would advance and furnish to the said defendants money sufficient to pay for the said lot and to erect thereon a two-story building for a store with dwelling in the upper story, and that they, the said defendants, would take the contract from the defendants, the Willards, to and in the name of her, the said plaintiff, and she to hold and control the same until the defendants, W. H. Robertson and Behr, should repay to her all money by her advanced and interest thereon, and thereupon was to convey the said property to said defendants, Wm. H. Robertson and Behr. That in consideration thereof the said plaintiff advanced to the said defendants, Wm. H. Robertson and Behr, the said sum of ten dollars wherewith to make the said first payment, directing that they should see to having the papers made out as above set out and according to the agreement aforesaid. That the said last named defendants, having reported to the plaintiff that they had taken said contract for said real estate from the said Willards to the plaintiff, and she, relying upon the truth of such statement, advanced from time to time, under her said promise and agreement, the sum of five hundred and eighty dollars to construct said building on said lot, which said building was so constructed and erected on said lot, and is of the value of five hundred dollars, and said defendants, Robertson and Behr, went into possession thereof and continued therein until the 21st of April, 1880. That on said date the plaintiff and the defendants, Wm. H. Robertson and Behr, settled as well in respect to the said moneys advanced by her

for the purchase of said real estate and the erection of said building thereon as in respect to other large sums of money advanced by plaintiff to the said last mentioned defendants outside of said first mentioned transaction, and in consideration of the money invested as aforesaid under said contract and otherwise advanced, said Robertson and Behr surrendered to the plaintiff all interest in said premises and said building and said lot together with an interest in certain other property. That the building was mentioned in said contract of surrender, and by mistake it was described as being on lot four in block seventeen, in said village of Genoa, but it ought and was intended to have been described as lot four, block twenty-one of said village, and thereupon the said Wm. H. Robertson and Behr delivered to the plaintiff the possession of the said house and lot, and that she has ever since continued in possession and is now in actual possession thereof. That at the time of said surrender the defendant, Wm. H. Robertson, told the plaintiff that as she had the title by contract there was no need of mentioning the lot in said surrender, that all she would have to do to complete her title thereto was to pay the thirty dollars remaining unpaid to said defendants, the Willards, and she would get the deed from them, and the plaintiff being ignorant of business matters, relied on the same. That at the time of said surrender and delivery of possession to the plaintiff of said premises, said Wm. H. Robertson fraudulently concealed and withheld the written contract of purchase made with the defendants, the Willards, for the purchase of said lot.

That she is now informed and believes, and so charges, that said Robertson took the contract in the first instance in the name of himself, the said William H. Robertson, and the said John Behr, in violation of said agreement had and made as aforesaid, intending

to defraud the plaintiff from the beginning, and fraudulently concealed said fact from the plaintiff. That after the said settlement made on or about the 21st of April, 1880, and after the plaintiff went into the possession of the said premises, the said Robertson, or some one in his behalf, fraudulently altered said contract and erased therefrom the name of said John Behr, and thereupon fraudulently assigned the same to one E. V. Clark, and said Clark again assigned said land contract to the defendant, Almina M. Robertson, wife of said William H. Robertson, and that soon thereafter said Almina M. Robertson fraudulently assigned said land contract to said defendant, C. S. Barnes. She charges actual knowledge of plaintiff's rights in the premises upon said Clark, Barnes, and Almina M. Robertson. That by the terms of said contract the balance of said purchase money is now due to the said Willards, which amount was to be paid on or before July 15, 1880, and she is ready to pay said amount as may be due to said Willards. That she has tendered the same, kept her tender good, and now brings the money into court, etc.

To the case made by this petition, John Behr is not only a proper but a necessary party defendant, and no proper decree could be rendered in the case without his presence. The petition charges that the original contract was made for the joint benefit of the said John Behr and W. H. Robertson, that it was to have been made in form to the plaintiff, to be held by her as a security. That the same was nevertheless fraudulently executed, in fact, to said John Behr and Robertson. Such being the case, the court could not decree the plaintiff to be the equitable owner of said contract, and entitled to enforce its specific performance against the Willards, without the presence in the suit of all the opponent parties thereto.

The judgment of the district court dismissing said cause is therefore reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.