[No. 6. Decided May 19, 1890.]

GEORGE McGLAUFLIN AND L. B. HANDLEY v. N. F. HOL-MAN, ROSAMOND HOLMAN AND PHŒBE B. GREEN.

LANDLORD AND TENANT — DEFECTIVE LEASE — SPECIFIC PER-
FORMANCE.

Where a tenant, under the terms of a lease which is invalid because not acknowledged, but is otherwise sufficient, enters into possession of premises, makes improvements thereon and pays rent therefor, he is entitled to specific performance of the terms of the defective lease, as against a subsequent vendee of his lessor, who takes with actual knowledge of such tenant's rights.

*Appeal from District Court, Spokane County.*

Action by N. F. Holman, Rosamond Holman and Phœbe B. Green against George McGlauflin and F. B. Handley, to recover possession of certain premises in the city of Spokane Falls. Defendants held possession under a lease for three years from one Henry L. Tilton, given them on the 15th day of May, 1888, properly signed, sealed and witnessed, but not acknowledged. The defendants took possession under the lease, paid rent to the lessor and erected a blacksmith shop thereon. Said Tilton sold the premises to plaintiffs, who had knowledge of defendants' possession under the agreement and instrument executed by Tilton, and plaintiffs received rent from defendants. Verdict and judgment for plaintiffs, and defendants appeal.

*Turner, Forster & Turner,* for appellants.

The opinion of the court was delivered by

SCOTT, J. — It appears in this case by appellants' answer that on May 15, 1888, one Henry L. Tilton agreed to execute to appellants a lease of certain lands in the city of Spokane Falls for the term of three years from said date; and on said day by a written instrument purported to lease the same to them accordingly. The instrument was invalid by reason of its having no acknowledgment, although it was otherwise sufficient. It further appears by the answer that appellants went into and remained in possession of the premises, made several payments of rent in pursuance of the terms of said purported lease, and for the purpose of engaging in business erected a building thereon at a cost of several hundred dollars. Subsequently said Tilton sold the premises to appellees, who, in July of said year, brought this suit to oust appellants.

Upon the trial of the cause, appellants offered to prove the payment of rent to said Tilton up to the time of said

sale, and subsequently to the appellees, according to the terms of the instrument; also that they were put in possession of the premises thereunder by said Tilton, and were in possession thereof at the time appellees purchased; also the making of said improvements; and further, that appellees had actual knowledge of appellants' rights in the premises, all of which matters were pleaded in said answer. Appellees objected to the introduction of such testimony, whereupon the district judge sustained the objections, and directed the jury to find a verdict for appellees. This was error, for were the facts as pleaded by appellants, and which they thus sought to prove, they were entitled to a specific performance of the terms of the defective agreement, for which they had prayed in their answer. See Taylor, Landlord and Tenant, §§ 32, 33; Fry, Spec. Perf., §§ 584, 585; Pom. Spec. Perf. §§ 124–6; 3 Pom. Eq. Jur., §§ 1297, 1409.

The judgment of the lower court is reversed, and the cause remanded.

ANDERS, C. J., and STILES and HOYT, JJ., concur.
DUNBAR, J., not sitting.