---

[No. 168.   Decided February 12, 1891.]
## William Schulte v. A. J. Littlejohn.

PLEADING — ORDER STRIKING AFFIRMATIVE DEFENSE — WAIVER OF EXCEPTION.

The filing of a substituted answer by defendant does not operate as a waiver of his exception to an order striking out an affirmative defense in his original answer.

### *Appeal from Superior Court, Pierce County.*

Action by A. J. Littlejohn against William Schulte to obtain possession of leased premises, after the alleged termination of defendant's right thereto. Trial by jury, and verdict and judgment for plaintiff. Defendant appeals. The facts are sufficiently stated in the opinion.

*Judson, Sharpstein & Sullivan,* for appellant.

The order striking out appellant's separate defense and cross-complaint was error. *McGlauflin v. Holman,* 1

Wash. 239; *Leebrick v. Stahle.* 68 Iowa, 515; *Weaver v. Coumbe,* 15 Neb. 167.

*A. A. Knight,* for appellee.

The amended answer was the only answer in the case. When it was filed it superseded the original answer, and all questions in relation to the abandoned answer were waived by the filing of the amended answer, upon which the defendant went to trial. *Kentfield v. Hayes,* 57 Cal. 411; *Barber v. Reynolds,* 33 Cal. 497; *Kelly v. McKibben,* 54 Cal. 192; *Wells v. Applegate,* 12 Or. 209; *Hexter v. Schneider,* 14 Or. 186.

The opinion of the court was delivered by

SCOTT, J.— Appellee brought this action to obtain possession of certain land. Appellant, in his answer, denied some of the allegations of the complaint, and also set up as an affirmative defense that certain prior owners of the premises, of whom appellee subsequently purchased, agreed to lease the same to appellant for the term of two years from the 15th day of August, 1888, and that they, upon the 26th day of June in said year, executed to him an instrument, which he and they supposed to be a valid lease thereof accordingly, but that by a mutual mistake the lessors did not acknowledge the same, and the name of one of them was omitted from the granting clause therein; that appellant went into and continued in possession of the premises thereunder, made valuable improvements thereon, paid the rent stipulated, and complied with the agreement upon his part, and that appellee, when he purchased, had knowledge of appellant's rights therein. The action was brought before the term had expired. The court, upon appellee's motion, struck out the affirmative defense, to which exception was taken. Appellant then filed an amended or substituted answer, merely setting up the denials contained in

the original answer. The trial resulted in a judgment for the plaintiff. Appellee claims the matters stricken constituted no defense or ground for relief, and, if otherwise, that appellant waived the same by filing his amended answer. The first point is disposed of on the authority of *McGlauflin v. Holman,* 1 Wash. 239 (24 Pac. Rep. 439), in a case just decided by us, submitted herewith, being an action brought by appellant against appellee and said lessors, wherein the same instrument was involved. *Schulte v. Schering, ante,* p. 127. As to the second point, the filing of the substituted answer did not operate as a waiver of the exception to the order of the court striking the part aforesaid of the original answer.

Judgment reversed, and cause remanded for a retrial. The order upon the motion should be vacated, and leave to reply granted.

ANDERS, C. J., and DUNBAR, STILES, and HOYT, JJ., concur.