[No. 477. Decided June 30, 1892.]

CHRISTIAN KLEY, *Respondent*, v. JOSEPH GEIGER AND IDA GEIGER, *Appellants*.

ACKNOWLEDGMENTS—SUFFICIENCY OF.

An acknowledgment to a deed or mortgage is not required to recite that the parties executing the same do so freely and voluntarily, as § 1437, Gen. Stat., providing that a form containing such a recital shall be sufficient, makes no provision that such form shall be exclusive.

The fact that a *lis pendens* notice is of record against certain real estate as the property of a person who, in fact, has no interest therein, creates no cloud upon the title of the actual owner, and is no violation of a covenant in a deed by him that such real estate is, free from liens and incumbrances.

*Appeal from Superior Court, Pierce County.*

Action by Christian Kley against Joseph Geiger and wife to foreclose a purchase money mortgage to secure the payment of $19,000 and interest. The defendants attempted to avoid on the ground that it was not legally acknowledged. The certificate of acknowledgment was as follows:

STATE OF WASHINGTON, } ss.
    COUNTY OF PIERCE,

This is to certify that on this twentieth day of February, eighteen hundred and ninety, before me, a duly qualified notary public in and for Pierce county, State of Washington, personally appeared the within named Joseph Geiger and Ida Geiger, his wife, to me personally known, and known to me to be the persons described in and whose names are signed to the within instrument of mortgage as mortgagers, and they severally acknowledged to me that they signed and executed the same. And I do further certify that I examined the said Ida Geiger separate and apart from and without the hearing of her said husband, and that upon said separate examination I made known to her the contents of the foregoing instrument of mortgage, and fully apprised her of her rights under the homestead and exemption laws of the State of Washington, and of the effect of her signing said mortgage, and that upon said separate examination she signed said mortgage and acknowledged to me that she voluntarily, of her own free will, and without fear of, or coercion from, her said husband, signed and executed the same.

In witness whereof, I have hereunto set my hand and affixed my official seal the day and the year in this certificate first above written.

[SEAL.]              L. D. CRAIG, *Notary Public,*
                          Residing in Taccma, Wash.

Upon the trial, judgment was rendered in favor of plaintiff, and the defendants appeal therefrom.

*Tripp, Town, Likens & Dillon,* for appellants.
*Campbell & Powell,* for respondent.

The opinion of the court was delivered by

Scott, J.—The plaintiff sold to defendants, Joseph Geiger and Ida Geiger, certain real estate situated in Pierce county, in this state, for the sum of twenty-two thousand dollars, receiving at the time three thousand dollars in money thereon, and a note for nineteen thousand dollars secured by a mortgage given by said vendees on the land sold to them, and this suit was subsequently instituted to foreclose said mortgage. The defendants, Joseph and Ida Geiger, contested the suit upon the ground that the mortgage was void in that there was no legal acknowledgment thereof by them; and they set up a further defense to the effect that the conditions of the deed executed to them by the plaintiff for the land in question had been broken, the same being a warranty deed, wherein the plaintiff covenanted that the land was free from incumbrances, whereas they allege that at the time said conveyance was executed there was a lien upon said premises in the shape of a *lis pendens* filed by certain parties giving notice of the commencement of an action against one Julius Kley for a specific performance of a contract to convey the said premises. Said defendants claim that by reason of this *lis pendens* being on record they were prevented from effecting a sale of said lands at an advanced price, which sale had been negotiated by them with certain parties.

The objection to the acknowledgment is, that the officer before whom the same was taken did not certify that said defendants executed said mortgage freely and voluntarily. The acknowledgment does state that said parties appeared before such officer, and acknowledged that they signed and executed the same, and contains the further statement that upon the separate examination of the said Ida Geiger apart from her husband she acknowledged that she signed the same voluntarily. There is no force in the objection to

the acknowledgment. Sec. 1435 of the General Statutes, which was in force at that time, provides that certificates of acknowledgment shall recite in substance that the deed, mortgage or instrument was acknowledged by the person or persons whose name or names are signed thereto as grantor. Sec. 1437, which was also in force at that time, provides that the certificate of acknowledgment substantially in the form there given shall be sufficient, which form contains a recital that the execution of the instrument was the free and voluntary act of the party executing the same. It does not provide that this form of acknowledgment shall be exclusive, and we are satisfied the acknowledgment which was taken wherein the defendants acknowledged that they signed and executed the mortgage, without any further statement that they voluntarily did the same, was sufficient.

The defendants could not avoid said instrument under the circumstances of this case; they made no offer to return the property, but took possession thereof, and received the rents and profits. The acknowledgment in the deed which conveyed the title to them lacked the very element or statement which they insisted should have been contained in the acknowledgment of the mortgage. Said acknowledgment contained a statement that the grantor therein acknowledged he signed and executed said deed, but did not say that he executed the same freely and voluntarily. There was no evidence of any fraud or compulsion having been made use of as to either of these defendants to obtain their signatures to the instrument, nor any pretense that they did not sign the same freely and voluntarily.

As to the second objection raised, there was nothing in the record to show that Julius Kley, against whom the action was pending, and against whom the *lis pendens* was filed, ever had any interest in this property, or any authority to make any contract with reference thereto, or to

create any lien thereon. It cannot be claimed, under such circumstances, that the *lis pendens* created any cloud upon the title, or was any violation of the covenant that the property was free from liens and incumbrances. A few months after the property had been conveyed to the defendants, the *lis pendens* aforesaid was discharged and canceled fron the record. The defendants claim, however, that prior to this time they had negotiated a sale of the property, and received twenty dollars thereon, but the next day the parties with whom they had negotiated discovered this *lis pendens* was upon record, and refused to take the land, and that they had repaid them the twenty dollars which had been received thereon. It did not appear that defendants made any mention of this matter to plaintiff, although Joseph Geiger testified as an excuse therefor that the plaintiff was absent. It seems he understood, however, that the plaintiff had a resident agent at the city of Tacoma, and no application was made to this agent.

Furthermore, the defendants continued to pay interest on the note, and remained in possession of the property, and made no claim for any damages on account of the *lis pendens* aforesaid, or otherwise, until the same was set up as a defense to the foreclosure of the mortgage. There was no sufficient proof of any damage resulting to defendants in this respect, in our opinion, to warrant our disturbing the findings of the superior court upon the evidence, even if such a state of affairs would be sufficient to found a claim for damages upon.

Some other objections to the introduction of proof were made by the defendants, but, under the view we have taken of the case, the same become wholly immaterial, and it is unnecessary to discuss them.

The judgment of the lower court is affirmed.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J., concurs in the result.