W. S. FISK, APPELLEE, V. MARY K. OSGOOD, APPELLANT, ET AL.

FILED APRIL 19, 1899. No. 8641.

1. **Acknowledgments.** The office of an acknowledgment is to furnish authentic evidence that the instrument acknowledged has been duly executed and is entitled to be recorded.

2. **Mortgages:** ACKNOWLEDGMENT: MARRIED WOMEN. A mortgage executed by a married woman upon her separate property, other than a homestead, to secure her husband's debt constitutes a valid and enforceable lien, although not acknowledged as required by law.

3. ————: REGISTRATION: DEED: PRIORITY. A deed, for which no valuable consideration has been given, is not entitled to take precedence of a prior unrecorded mortgage of which the grantee in such deed had no actual notice.

APPEAL from the district court of Johnson county. Heard below before STULL, J. *Affirmed.*

*S. P. Davidson* and *Daniel F. Osgood,* for appellant.

*W. H. Kelligar* and *W. W. Giffen, contra.*

SULLIVAN, J.

From a decree of the district court of Johnson county foreclosing two mortgages upon her real estate in the city of Tecumseh Mary K. Osgood prosecutes this appeal. The mortgage to Fisk, who is plaintiff in the action, was executed by appellant to secure the payment of $500 borrowed by her husband, Daniel F. Osgood, for his own exclusive use and benefit. The instrument was witnessed and recorded, but not acknowledged. The other mortgage in suit was given to Charles McCrosky in

1885, and is now owned by Sarah M. Wright. It was made by Mr. Osgood when he was a single man and sole owner of the property in question. It was acknowledged and recorded, but not witnessed. Appellant's title was acquired by a deed from her husband in 1895. It is claimed that this conveyance was made in performance of an ante-nuptial contract, and that Mrs. Osgood, at the time it was made, did not know of the McCrosky mortgage.

The first contention of counsel for appellant is that the Fiske mortgage is void because not acknowledged in the manner prescribed by the statute. The contention cannot be sustained. The office of an acknowledgment is to furnish authentic evidence that the instrument acknowledged has been duly executed and is entitled to be recorded in the office of the register of deeds. (*Burbank v. Ellis*, 7 Neb. 156.) In *Lessee of Foster v. Dennison*, 9 O. 125, it is said that an acknowledgment is required by the statute as evidence of execution, or as authority for registration. This is also true with respect to the statutory requirement that deeds, mortgages, and other instruments relating to real estate shall be witnessed. The attestation of a witness is no part of the instrument attested. As between the parties thereto, written contracts concerning land are valid although neither witnessed nor acknowledged, except where the premises are a homestead. (*Missouri Valley Land Co. v. Bushnell*, 11 Neb. 192; *Pearson v. Davis*, 41 Neb. 608.) The Fisk mortgage was appellant's contract in relation to her separate property; and she possessed, under the married woman's act, as ample authority to make it as though she were unmarried. Notwithstanding the lack of authentication the mortgage created a valid and enforceable lien.

A reversal of the decree in favor of Wright is urged on the ground that the McCrosky mortgage was not lawfully recorded and that appellant was without actual knowledge of its existence at the time she became the

Home Fire Ins. Co. v. Kuhlman.

owner of the property. The difficulty with this position is that the evidence in the bill of exceptions does not show that the conveyance to Mrs. Osgood was made in execution of an ante-nuptial contract. Such evidence was offered, but it was not received. The court erroneously excluded it. The recitals in the deed show that it was made without a valuable consideration; and this being so, it is not entitled to take precedence of the prior unrecorded mortgage which was given to secure an actual indebtedness. (*Merriman v. Hyde*, 9 Neb. 113.) The judgment is

AFFIRMED.