LUSETTA SOLT, ADMINISTRATRIX, ET AL., APPELLANTS, V. LEWIS C. ANDERSON, APPELLEE.

FILED MAY 5, 1904.   No. 13,508.

1. **Homestead:** CONVEYANCE. The acknowledgment by both husband and wife of an instrument whereby it is sought to convey or incumber a homestead, is an essential step in the due execution of such instrument.

2. **Acknowledgment.** That such instrument was thus acknowledged should appear from the instrument itself in the form of a certificate of the officer before whom the acknowledgment was taken, and, in the absence of such certificate, it is not competent to show by parol that the instrument was in fact acknowledged.

APPEAL from the district court for Hamilton county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*Hainer & Smith,* for appellants.

*J. M. Day,* contra.

ALBERT, C.

Three opinions have already been filed in this case. See 62 Neb. 153, 63 Neb. 734, 67 Neb. 103. The following from the last opinion is sufficient, for present purposes, to show the nature of the suit.

"Lusetta Solt, widow and administratrix of Jacob Solt, brought this suit against Anderson, joining the heirs at law of the intestate, as required by section 335a, chapter 23, Compiled Statutes (Annotated Statutes, 5185), setting up a contract 'entered into' between said Jacob Solt, in his lifetime, and said Anderson, for the sale of certain

land held by Solt, and praying for specific performance thereof."

When the case reached the district court, an amended answer was filed, setting forth that the premises in question, at the time the contract was made, were the family homestead of the plaintiff and her husband, not exceeding $2,000 in value and less than 160 acres in extent, and that the said contract was not acknowledged by the plaintiff and her husband, or either of them, as required by the homestead act, and is therefore void. It is conceded that the premises were the homestead of the parties at the time the contract was made. The contract was introduced in evidence, and bears no certificate of any officer authorized to take acknowledgments that it was acknowledged, nor does it appear that any such certificate was ever made. It was signed and witnessed before a justice of the peace, and the plaintiff introduced parol evidence to the effect that it was in fact acknowledged. This evidence is contradicted by evidence introduced by the defendants, but the evidence on that point clearly preponderates in favor of the plaintiff. The court found in favor of the defendants and decreed accordingly. The plaintiff appeals.

The only question presented by the record is, whether it is competent to show by parol that an instrument, purporting to convey or incumber a homestead, which bears no certificate of acknowledgment, was in fact acknowledged? If it is, then the decree of the district court is clearly against the weight of evidence and should be reversed.

We think the question should be answered in the negative. Section 12, chapter 73, Compiled Statutes (Annotated Statutes, 10212), provides: "Every officer who shall take the acknowledgment * * * of any deed, shall indorse a certificate thereof, signed by himself, on the deed." Section 46 provides: "The term 'deed,' as used in this chapter, shall be construed to embrace every instrument in writing, by which any real estate or interest

therein is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity, except last wills, and leases for one year or for a less time." Section 4 of the homestead act (Compiled Statutes, ch. 36; Annotated Statutes, 6203) provides: "The homestead of a married person can not be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife."

The foregoing sections are *in pari materia,* and should be construed together. Section 4 makes the acknowledgment of an instrument affecting the title to the homestead of a married person an essential step in its execution, and unless such step is taken the instrument is void. *Horbach v. Tyrrell,* 48 Neb. 514; *Havemeyer v. Dahn,* 48 Neb. 536; *Linton v. Cooper,* 53 Neb. 400. Section 12 provides that the evidence of such step shall be perpetuated by the certificate of the officer taking the acknowledgment indorsed on the instrument itself. The sections read together show, we think, that it was the intention of the lawmakers that it should appear from the instrument itself, that every step essential to its due execution had been taken. As we have seen, the acknowledgment is an essential step, when the property affected by the instrument is a homestead, and it should therefore appear on the instrument itself; and its omission therefrom, like the omission of any other essential step, renders the instrument invalid; and it can not be supplied by parol.

We do not overlook the cases holding that, as between the parties, an acknowledgment of a conveyance or an instrument affecting the title to real estate is not essential, and that the office of an acknowledgment is to furnish authentic evidence that the instrument has been duly executed, and is entitled to record. *Linton v. Cooper,* 53 Neb. 400; *Fisk v. Osgood,* 58 Neb. 486. But those cases have no application where, as in the case of a homestead, the acknowledgment is an essential step in the execution of the instrument, and neither of them contain

any hint or suggestion of a relaxation of the rule which requires such instruments to show, of themselves, a substantial compliance with all the requirements of the statute.

Because of the peculiar statutory provisions of the different states, it is not easy to find authorities directly in point. Those bearing on the question under consideration are collected in 1 Cyc. p. 616. In *Elliott v. Peirsol*, 1 Pet. (U. S.) *328, the court said:

"What the law requires to be done, and appear on record, can only be done, and made to appear by the record itself, or an exemplification of it; it is perfectly immaterial, whether there be an acknowledgment or privy examination in form, or not, if there be no record made of the privy examination; for, by the express provisions of the law, it is not the fact of privy examination, only, but the recording of the fact, which makes the deed effectual to pass the estate of a *feme covert*."

In *Lessee of Watson v. Bailey*, 1 Binn. (Pa.) 470, 2 Am. Dec. 462, where the certificate of acknowledgment was defective, parol evidence was offered to supply the omission, and was refused. Yeates, J., who delivered the opinion, said: "Such parol testimony ought not to be received. It leads to great uncertainty and mischiefs in tracing titles to real estates at a distant day." This language was cited with approval by Tilghman, C. J., in *Jourdan v. Jourdan*, 9 S. & R. (Pa.) 268, 11 Am. Dec. 724. To the same effect is *Barnet v. Barnet*, 15 S. & R. (Pa.) 72, 16 Am. Dec. 516; *Louden v. Blythe*, 27 Pa. St. 22, 67 Am. Dec. 442. In *Lindley v. Smith*, 46 Ill. 523, the question arose, whether a defect in the acknowledgment could be explained or supplied by parol evidence. The court said:

"We next come to the consideration of the question, whether the defect in the acknowledgment could be explained by the parol evidence of the justice who certified it? In the case of *Elliott v. Peirsol*, 1 Pet. (U. S.) *328, the court held that where an acknowledgment failed to state that a *feme covert* was examined separate and apart

from her husband, as to whether she had executed the deed voluntarily, the defect could not be supplied by parol. At the common law, a *feme covert* could only acknowledge that she transferred her real estate or relinquished her dower by a fine and recovery, and it was, and could only be, by matter of record. The acknowledgments prescribed by statute are intended to take the place of such alienations by record, at least so far as the wife's estate or interest is concerned. And the acknowledgment can not rest partly in writing and partly in parol. When it is remembered, that the deeds of conveyance by married women for the transfer of their real estate or the relinquishment of their dower, do not take effect by delivery as other deeds, but only by being acknowledged in the mode prescribed by the statute, we should hesitate long to permit the officer who made the defective certificate, or some other person, to subsequently supply the defect by oral evidence."

Running through all the cases will be found a strong feeling against the admission of parol evidence to show the due execution of instruments affecting the title to real estate. The present case shows that such feeling is not unreasonable, and that sound considerations of public policy demand that, where an acknowledgment is necessary to give effect to an instrument, the evidence of the fact of such acknowledgment shall be preserved in a permanent form, and not left to the memory of living witnesses. In this instance, after the lapse of ten years, witnesses took the stand and testified to the exact legal phraseology used by the parties in acknowledging the deed; other witnesses were quite clear that no such language was used. Human memory should not be put to such a strain, nor land titles left to rest on so uncertain ground.

It is therefore recommended that the decree of the district court be affirmed.

FAWCETT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.