[No. 8577.  Department Two.  June 17, 1910.]

John Forrester, *Appellant*, v. Reliable Transfer Company, *Respondent*.[1]

Landlord and Tenant—Lease—Validity—Acknowledgment. Under Rem. & Bal. Code, § 8802, requiring leases for more than one year to be acknowledged, the acknowledgment which is essential to the validity of a lease is that of the lessor, although the statute does not so provide in terms; and a lease acknowledged only by the lessee is void.

Landlord and Tenant—Leases—Acknowledgment.  Rem. & Bal. Code, § 8802, providing that a lease of real estate for more than one year without acknowledgment is not valid, goes to the validity of the lease, and not to the prerequisites for recording it.

Acknowledgments—Form.  Rem. & Bal. Code, § 8759, providing the manner in which acknowledgments shall be taken, applies to acknowledgments taken in this state.

[1]Reported in 109 Pac. 312.

ACKNOWLEDGMENTS—EVIDENCE OF—PAROL EVIDENCE—REFORMATION OF LEASE. The acknowledgment of instruments required by statute to be acknowledged cannot be proved by parol, nor by any evidence other than the certificate of an officer authorized to take acknowledgments, written or annexed thereto; hence a lease not acknowledged on its face cannot be reformed to show that it was in fact acknowledged.

FRAUDS, STATUTE OF—PART PERFORMANCE—UNACKNOWLEDGED LEASE —VALIDITY. An unacknowledged lease for more than one year becomes binding upon the lessee so as to entitle the lessor to recover damages as upon a valid lease, where the lessor, in consideration of the agreement to pay rent for the full five-year term, made improvements not beneficial to the estate, for the sole use and benefit of the lessee, who took possession and performed the lease for two years, during which time the lessor made further expenditures for the same purposes.

Appeal from a judgment of the superior court for King county, Main, J., entered December 30, 1909, dismissing an action to reform a lease and for damages, upon sustaining an objection to the introduction of any evidence. Reversed.

*John H. Allen,* for appellant.

*O. L. Willett, Frank Oleson,* and *P. W. Willett,* for respondent.

PARKER, J.—When this case was about to proceed to trial in the superior court, counsel for the defendant objected to the admission of any evidence in behalf of the plaintiff upon the ground that the facts alleged in his amended complaint did not entitle him to any relief. The court sustained the objection, treating it as a demurrer, and plaintiff electing to stand upon his amended complaint and not plead further, the court entered an order dismissing the cause. From this ruling and order, plaintiff has appealed.

The allegations and prayer of the amended complaint, so far as we deem it necessary to notice them, are as follows:

"(2) That on the 26th day of June, 1907, the plaintiff being then and there the lessee of and in possession of lot 4, block 320 of Seattle tide lands, made and entered into a certain agreement of contract of lease wherein and whereby the

said plaintiff agreed to and did lease to the said defendant, a corporation, the east one-half of the two-story and basement stable then in course of construction upon said property, for the period of five (5) years from the 1st day of August, 1907, at the monthly rental of one hundred eighty ($180) dollars per month, which said contract of lease was duly and properly executed and acknowledged by each of the parties to said lease before the same notary, at the same time, and thereafter on the 8th day of July, 1907, the said lease was recorded by each of the parties thereto, and ever since has been, and now is of record in the auditor's office in King county, Washington, a copy of said lease being hereto annexed, marked Exhibit 'A' and made a part hereof.

"(3)  That at the time of the execution and delivery of said contract of lease and the acknowledgment of same by the defendant thereto, the said lease was also acknowledged in the presence of the said lessee by this plaintiff then and there appearing before the same notary and acknowledged it as his act and deed. . . .

"(4)  That acting and relying solely upon the promise and agreement of the said defendant to occupy said premises and to lease the same from the plaintiff herein for the space of five (5) years under the terms and conditions in said instrument set forth, the plaintiff, at the particular instance and request of said defendant, and as a part of the consideration passing to the said defendant to the making of said lease for a space of five (5) years as aforesaid, expended large sums of money in fitting up said premises and in preparing the same for the particular use and occupancy thereof desired by the lessee, which said expenditure and change and plans of building were made at the special instance and request of the said defendant, and under his plans and specifications and solely because of the aforesaid agreement upon behalf of the said defendant that he would occupy said premises for the space of five (5) years as in said contract of lease set forth. All of which facts were well known to the said defendant at said time, and ever since has been and now are well known to it.  Said defendant well knowing that the said expenditures were not an improvement upon the said property and were not a benefit thereto, but were made solely for the benefit of the said defendant and as a part of the consideration passing to the said defendant for entering into the contract aforesaid, and was made by the said plaintiff relying solely upon the

fact that the said defendant would occupy said premises for the space of five (5) years at the monthly rental of one hundred eighty ($180) dollars per month.

"(5) That the said defendant entered into possession of said premises under and by virtue of the terms of said agreement on the first day of August, 1907, and at repeated times thereafter the plaintiff paid to the said defendant at its instance and request, and relying solely upon the fact that the said defendant would occupy said premises for the space of five (5) years, various and sundry sums of money to be expended by said defendant in making alterations and repairs to said building as defendant might desire for its particular use and benefit.

"(6) That the said sums so spent aggregate approximately the sum of seven hundred fifty dollars ($750), which said sum was spent by the plaintiff for the particular use and benefit of the said defendant and at its particular instance and request, and was spent by the plaintiff solely because of his reliance upon the contract of the said defendant theretofore entered into by the parties hereto to occupy the said premises for the space of five (5) years at the monthly rental therein set forth. And the said defendant well knowing said fact accepted said lease and went into possession of said premises, and said expenditures were of no value to the estate of said plaintiff, but inured wholly to the benefit of the defendant corporation, and by reason of which facts the said defendant is estopped from denying the invalidity, if any such there be, to his contract of lease as aforesaid.

"(7) That on about the first day of August, 1907, the defendant entered into possession of the said premises in accordance with the terms and conditions in said lease set forth, and ever since said date and up to, on or about the first day of May, 1909, occupied said premises under the terms and conditions in said lease set forth. . . .

"(9) That the plaintiff has at all times and in all manner performed the covenants and conditions upon his part to be performed as set forth in said contract of lease.

"(10) That on said last mentioned date, to wit, the first day of May, 1909, the defendant vacated and abandoned said premises and the whole thereof, and ever since said date has failed, neglected and refused, and still fails, neglects and refuses to pay the said rental to the plaintiff or any portion thereof, though demanded so to do. . . .

"(14) That under and by virtue of the terms of said agreement the lessee therein, The Reliable Transfer Company undertook and agreed to keep said premises in good repair and to deliver up the same at the expiration of the lease in as good condition as when received, reasonable use and wear and loss by fire and other elements excepted, and that the said defendant has failed and neglected to carry out the terms of said lease, but, on the contrary, has greatly damaged said premises in the sum of seven hundred dollars ($700).

"(15) That the plaintiff has been unable to, and still is unable to, lease said premises aforesaid, although he has made diligent effort so to do, and that if the said defendants are permitted to vacate said premises and to fail to carry out the terms of said contract, the plaintiff herein will be greatly and irreparably damaged.

"Wherefore, plaintiff prays for a decree of this court.

"(1) For a decree that the said lease herein set out was acknowledged by each of the parties thereto on the date mentioned in the certificate of acknowledgment attached to said lease, and that said lease be reformed and said certificate be corrected to show such fact.

"(2) For the decree of the court directing the said defendant to carry out the terms and conditions of its said contract with the plaintiff, and upon failure so to do that the plaintiff have judgment against the said defendant for the sum of $7,020, and for the further sum of $700 damages to said premises."

Attached to the complaint is a copy of the lease containing provisions the substance of which are as alleged in paragraphs 2 and 14 above quoted. The lease is signed by both appellant and respondent. There is attached to the lease a certificate of a notary showing acknowledgment of its execution by the respondent, but there is not attached thereto any certificate showing acknowledgment of its execution by appellant.

The contentions of learned counsel for the respective parties involve the validity of this lease or rather the enforcement of rights claimed under its terms, in view of the statute requiring such a lease to be acknowledged; and present for

our consideration two principal questions: (1) Do the facts alleged entitle appellant to a decree establishing the acknowledgment of the execution of the lease by appellant; and (2), do the facts alleged as to performance of acts by the parties referable to the terms of the lease, entitle appellant to the relief prayed for in the nature of specific performance or damages? We will notice these in order.

Under the provisions of section 8802, Rem. & Bal. Code, this court has held that a lease of real property without acknowledgment is not valid, even as between the parties, for any term exceeding one year. *Dorman v. Plowman*, 41 Wash. 477, 83 Pac. 322; *Koschnitzky v. Hammond Lumber Co.*, 57 Wash. 320, 106 Pac. 900. We have noticed that the lease here involved, has no certificate showing acknowledgment of its execution by appellant, the lessor, though its acknowledgment by the respondent, the lessee, is so shown. We think this does not show such an acknowledgment as is contemplated by the statute, though learned counsel for appellant suggests that the statute does not provide in terms as to who shall acknowledge its execution; but clearly such acknowledgment must be made, in any event, by the lessor, before it can be held to meet the requirements of the statute.

So we have here a lease without official written evidence of acknowledgment, and an attempt to prove acknowledgment of its execution by parol evidence or other evidence than a certificate of a legally authorized officer. Can such acknowledgment be so proven? We will dispose of this question without regard to the rights that appellant may have under the terms of the lease by reason of his performance of acts referable thereto. It is to be remembered that the statutory requirement as to acknowledgment is a requirement affecting the validity of the lease, and is not a mere prerequisite entitling it to public record as in many states is the only office or purpose of an acknowledgment. Section 8759, Rem. & Bal. Code, provides for evidencing acknowledgment by certificate as follows:

"The person or officer taking such acknowledgment shall certify the same by a certificate written on or annexed to said mortgage, deed, or instrument, which certificate shall be under his official seal, if any he has, and such certificate shall recite in substance that the deed, mortgage, or instrument was acknowledged by the person or persons whose name or names are signed thereto as grantor or principal before him as such officer, with the date of such acknowledgment."

While this section is immediately preceded by a section relating exclusively to foreign acknowledgment, and it might therefore be argued that the section has reference only to such acknowledgments, it is a part of the Code of 1881 and is also preceded therein in the same chapter by provisions relating to the execution and acknowledgment of instruments conveying interest in and evidencing encumbrance upon real property. In the case of *Kley v. Geiger*, 4 Wash. 484, 487, 30 Pac. 727, the court cited this section as applying to an acknowledgment taken in this state. Sections 8761 and 8761½ of Rem. & Bal. Code give forms for certificates of acknowledgment which are there declared to be sufficient. In the case of *Rogers v. Pell*, 154 N. Y. 518, 529, 49 N. E. 75, it is held that a statutory requirement that the execution of an instrument shall be acknowledged contemplates the evidencing of such acknowledgment by certificate of a proper officer, even though there be no specific statutory provisions requiring the acknowledgment to be so evidenced. The court observed at page 528:

"The position that, since the change in the statute, an oral acknowledgment without certification is sufficient, we regard as unsound, for the law knows no 'acknowledgment,' made before a magistrate or notary, unless it is certified. The word, as commonly used by the legislature, the courts and the bar, means both the act and the written evidence thereof made by the officer."

We therefore think it is plain that our law requires acknowledgment of the execution of such instruments to be evidenced by certificate of the officer taking the same, and

written upon or annexed to the instrument. It is also to be remembered that such instruments are not now as formerly required to be witnessed. Code of 1881, §§ 2311, 2312; Rem. & Bal. Code, §§ 8745, 8746. This fact would seem to enhance the importance of the certificate of acknowledgment, for it now remains as the only official authentication of the execution of the instrument required by our law. In 1 Cyc. 616, the rule as to the admissibility of parol or other proof than the certificate, to prove acknowledgment of the execution of an instrument, is stated as follows:

"It is the general rule that the official certificate is the only competent evidence of the fact of acknowledgment; and where such certificate is defective in a matter of substance, evidence *aliunde* is not admissible to show that the statute was in fact complied with, and that the officer, through mistake, failed to certify the acknowledgment correctly. If such evidence were allowed to supply a material part of the certificate, then logically it would be admissible to supply an entire certificate, and the acknowledgment might therefore rest in parol."

As we proceed let us remember that we are not here concerned with a certificate of acknowledgment which is merely defective in form or substance. We are dealing with a problem involving the entire absence of any certificate having any reference whatever to the execution of this lease by appellant, the lessor. It is a matter of proving the acknowledgment absolutely unaided by any certificate.

In the case of *Hayden v. Westcott*, 11 Conn. 129, the court said:

"The statute requires that all deeds of land shall be acknowledged; and the only question is, how the acknowledgment shall be evidenced; because it is obvious, that if parol evidence may be introduced, to aid a defective certificate, on the same principle it may be introduced to supply one. The acknowledgment may rest in parol, and the certificate of the magistrate may be entirely dispensed with. The claim now made, inevitably leads to this conclusion. It can only be necessary to observe, that such a claim is opposed to the uni-

form course of practice, to the spirit and meaning of the statute, and to the authority of adjudged cases."

In the comparatively recent case of *Solt v. Anderson*, 71 Neb. 826, 99 N. W. 678, the court observed:

"Running through all the cases will be found a strong feeling against the admission of parol evidence to show the due execution of instruments affecting the title to real estate. The present case shows that such feeling is not unreasonable, and that sound considerations of public policy demand that, where an acknowledgment is necessary to give effect to an instrument, the evidence of the fact of such acknowledgment shall be preserved in a permanent form, and not left to the memory of living witnesses. In this instance, after the lapse of ten years, witnesses took the stand and testified to the exact legal phraseology used by the parties in acknowledging the deed; other witnesses were quite clear that no such language was used. Human memory should not be put to such a strain, nor land titles left to rest on so uncertain ground."

This was said in a case where there was no certificate, and the acknowledgment was attempted to be proved by parol.

In the case of *Cox v. Holcomb*, 87 Ala. 589, 6 South. 309, 13 Am. St. 79, dealing with the question of the power of a court of equity to reform a certificate of acknowledgment, the court said:

"We have been referred by counsel to decisions in other states, which uphold proceedings to correct defective official certificates in analogous cases. An examination shows that the decisions are rested on local statutes authorizing such proceedings; and some of the cases concede that, in the absence of statutory authority, the court would not assume to correct them. *Johnson v. Taylor*, 60 Tex. 360; *Hutchinson v. Ainsworth*, 63 Cal. 286; *Koltenbroeck v. Cracraft*, 36 Ohio St. 584. As we have said, the officer's certificate of acknowledgment, in substantial compliance with the statutory form, is as essential to a valid alienation of the homestead, as the examination and acknowledgment of the wife required by the statute. A substantial compliance must affirmatively appear from the certificate itself, which is the sole and exclusive evidence of the voluntary signature and assent of the wife. Parol evidence is inadmissible to supply

deficiencies. It is manifest from the frame and prayer of the bill, that its purpose is to aid or supply the defective execution of the officer's certificate attached to the deed to complainant. The power of the officer to make such certificate is also statutory. Though a court of equity will relieve against the defective execution of a power created by a party, it is well settled that, with few exceptions, it cannot relieve against the defective execution of a power created by statute, nor supply any of the formalities requisite to its due execution. *McBryde v. Wilkinson*, 29 Ala. 662."

See, also, 1 Enc. L. & P. 876; *Russell v. Rumsey*, 35 Ill. 362; *McKellar v. Peck*, 39 Tex. 381; *McClure v. McClurg*, 53 Mo. 173; *Willis v. Gattman*, 53 Miss. 721; *Jamison v. Jamison*, 3 Wharton (Pa.) 457, 31 Am. Dec. 536; *First Nat. Bank of Harrisonburg v. Paul*, 75 Va. 594, 40 Am. Rep. 740. We are of the opinion that the acknowledgment of the execution of the lease here involved cannot be proved by parol, nor by other evidence than the certificate of an officer authorized to take acknowledgments written upon or annexed to the lease. It follows that we must regard this lease as unacknowledged.

We will now proceed to discuss the other branch of the case. It does not necessarily follow, from our conclusions as to lack of acknowledgment of the execution of the lease, that the appellant is thereby deprived of his right to relief in the nature of specific performance or damages as prayed for, upon the ground that the parties are now bound by the terms of the lease by reason of performance of acts referable thereto. This court has heretofore held that there may be such performance of acts referable to a lease contract that its terms will be enforced as though it had been executed with all the formalities prescribed by statute, the same as rights under an informally executed deed will be protected under like circumstances. *McGlauflin v. Holman*, 1 Wash. 239, 24 Pac. 439; *Schulte v. Schering*, 2 Wash. 127, 26 Pac. 78; *Schulte v. Littlejohn*, 2 Wash. 129, 26 Pac. 79; *Northcraft v. Blumauer*, 53 Wash. 243, 101 Pac. 871; *Koschnitzky v.*

*Hammond Lumber Co., supra.* These cases involved both unacknowledged and oral leases. All were for terms for more than one year, and hence, did not comply with the statute in their execution, yet their provisions were given full force and effect because of the performance of acts with reference to and in the belief that they were binding contracts between the parties.

In each of these cases, it is true, it was the lessee who had performed the acts and was relying thereon to enforce rights under the lease and retain or recover possession of the leased premises; but we see no reason why the same principal may not be invoked by a lessor who has at large expense prepared the premises for the special benefit of the lessee solely because of and in reliance upon the lease contract, such expenditures being of no value to the estate but wholly of benefit to the lessee. By the allegations of this complaint it appears, that the lease is in due form save as to acknowledgment; that it is certain and specific in its terms; that respondent, the lessor, went into possession under the lease on August 1, 1907, the day of the commencement of the term as provided in the lease, and continued in possession until May 1, 1909; that after the signing of the lease by both parties, the appellant paid to respondent sums of money at repeated times aggregating approximately $750 to be expended by respondent in making alterations and repairs to the building as it might desire for its particular use and benefit; that such expenditures were of no value to the estate but inured wholly to the benefit of respondent; that respondent vacated the premises, and has since such vacation refused to pay rent and refuses to carry out the terms of the lease; and that respondent has damaged the premises in the sum of $700. These facts, it seems to us, would entitle appellant to have the lease decreed to be a valid and binding lease between the parties, and upon refusal of respondent to carry out its terms, appellant would be entitled to damages.

The case of *Dorman v. Plowman*, 41 Wash. 477, 83 Pac.

322, is principally relied upon by learned counsel for respondent, so far as the decisions of this court are concerned. That case, however, did not involve performance of any acts referable to the lease other than the mere entering into possession and the payment of rent while in possession, and when the lessor gave notice of the termination of the term at the end of the first year, one year being the rental period, the whole term being four years, the lessee was not even in possession of the land. This left the case to be determined solely upon the question of the legality of the lease without an acknowledgment of the execution thereof. We think that case is not controlling here.

Our conclusions upon the questions last discussed would alone result in the reversal of the trial court's order, but if appellant should fail upon the trial in sustaining the allegations of his complaint, aside from the allegations relating to acknowledgment of the lease, then the trial court would be called upon to pass upon the question of proving the acknowledgment by parol, so we have deemed it our duty to consider both questions.

The ruling and order of the learned trial court sustaining respondent's objections and dismissing the case is reversed, with directions to take such further proceedings in the cause as are not inconsistent with this opinion.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.