ALBERT L. STORRS ET AL., APPELLEES, V. JOHN BOLLINGER, APPELLANT.

FILED DECEMBER 7, 1923.  No. 22522.

1. **Homestead:** CONTRACT TO CONVEY: SPECIFIC PERFORMANCE. Where a contract for the sale of a family homestead is not signed by the wife of the vendor, it cannot be enforced specifically by either vendor or vendee while it remains in that condition.

2. ————: OFFER OF SALE: WITHDRAWAL OF OFFER. If such a contract be treated as an offer by the vendee, he may withdraw the offer at any time before it is accepted in a legal manner by the vendors.

APPEAL from the district court for Boone county:  A. M. POST, JUDGE. *Reversed.*

*Albert & Wagner* and *W. J. Donahue,* for appellant.

*Williams & Williams, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY, JJ., SHEPHERD, District Judge.

DAY, J.

This action was brought by Albert L. Storrs and Cora L. Storrs, husband and wife, against John Bollinger for specific performance of a contract for the sale of certain lands. The contract was dated September 18, 1920. The alleged contract appears to be an agreement between Albert L. Storrs and John Bollinger in which Storrs is vendor and Bollinger is vendee. The contract set out in the amended petition is signed by the plaintiffs, as well as the defendant, although the testimony is clear that the wife, Cora L. Storrs, did not sign the instrument until February 26, 1921.

The defendant admitted that he signed the alleged contract, and paid thereon to Albert L. Storrs $1,500 as a part of the purchase price at the time he signed the instrument. He further alleged that the so-called contract was void and of no legal or binding effect, because the lands described therein were at all times mentioned as the homestead of the plaintiffs, and that the contract was never signed by Cora L. Storrs; that it was never acknowledged by either of the plaintiffs as required by law; that before the date of performance of the contract the defendant notified the plaintiffs that he would not perform the contract. Defendant also sought to recover back the $1,500 he had paid upon the contract, with interest thereon. The trial resulted in a judgment in favor of the plaintiffs. Defendant appeals.

The record shows that on September 18, 1920, Albert L. Storrs and John Bollinger entered into the written agreement set out in the amended petition. The contract on its face indicates that, for a consideration named, Storrs sold to Bollinger certain land, specifically described; that Bollinger paid $1,500 of the purchase price at the time, the remainder of the purchase price to be paid on March 1, 1921, at which time a deed to the land was to be delivered to Bollinger, together with an abstract of title, and possession of the land turned over to Bollinger. The contract was signed by Storrs and Bollinger, and left in a bank at Albion, Nebraska, at which place, according to the terms of the contract, final settlement was to be made on March 1, 1921. On February 26, 1921, Storrs and his wife went to the bank, and, without the knowledge or consent of Bollinger, secured the contract, and Cora L. Storrs attached her signature thereto. Storrs and his wife then acknowledged the instrument before a notary public. The notary failed to certify to the acknowledgment, or to attach his notarial seal. He did, however, write in pencil on the contract the words, "Ack. 26 Feb. W. S. P.," the letters being the initials of the notary. On the same day, without the knowledge of Bollinger, Storrs and his wife executed a deed in due form to the land in question, naming Bollinger as grantee, and left

the same with the contract and an abstract of title at the bank.   On March 1, 1921, Storrs appeared at the bank, and remained there all day, ready, able and willing to perform the contract, but Bollinger failed to appear.   The following day Storrs sought Bollinger and formally tendered the deed and abstract, and demanded performance, but Bollinger refused to accept the same.   The testimony is clear that at all times mentioned the land, which was the subject of the contract, was the homestead of the plaintiffs.

A number of interesting legal questions are argued in the briefs, based upon the facts as above outlined, which, in the view we have taken of the testimony with respect to Bollinger withdrawing from the contract, are not deemed necessary to be considered.

We think it must be conceded that, in any view which might be taken of the instrument upon which the action is founded, it was, prior to February 26, 1921, void as a contract between the parties.   Section 2819, Comp. St. 1922, which was in force at all times mentioned herein, provides:

"The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife."

By an unbroken line of decisions this court has held that neither spouse has the right to dispose of the homestead except with the consent of the other, and then only in the manner prescribed by the statute.   Had the contract remained in the condition as originally entered into, neither party could have founded an action of specific performance thereon.   It is claimed, however, that the instrument, so far as it affected Bollinger, was in the nature of a standing proposition which, when accepted by Storrs and his wife, became a binding and enforceable contract.   Without discussing the legal questions which might be involved in this statement of the facts, we are of the view that the record does not present this precise question.   Assuming that the instrument signed by Bollinger amounted in law to a stand-

ing proposition, he would have the right to withdraw his offer at any time before it was accepted in a legal manner by Storrs and his wife. It is the claim of the defendant that prior to February 26, the date that Cora L. Storrs signed the contract, he notified Storrs that he would not go on with the contract. Upon this issue there is a direct conflict in the testimony. Storrs testified, however, that in the early part of February Bollinger told him that "he did not think he could take the place." He also testified that John Redler, who was acting for Bollinger, stated to Storrs, before March 1, that "John (referring to Bollinger) stated he couldn't go on with the contract." Redler in his testimony fixes the date of the conversation with Storrs about the first of February, and testifies that he told Storrs "that the deal was off," and that "he might drop the deal." After these conversations Storrs and his wife procured the contract; his wife signed the same; and both pretended to acknowledge it before a notary public. Considering the entire testimony in the light of other circumstances disclosed by the record, we are satisfied that what was said to Storrs was sufficient to indicate that Bollinger had withdrawn from the contract before Mrs. Storrs signed the same.

With this view of the evidence, it seems unnecessary to decide whether parol testimony was admissible to prove the acknowledgment of the contract by Storrs and his wife, and whether the contract was an enforceable one. It may not be amiss, however, to cite *Solt v. Anderson,* 71 Neb. 826, in which it was held:

"The acknowledgment by both husband and wife of an instrument whereby it is sought to convey or incumber a homestead is an essential step in the due execution of such instrument." And: "That such instrument was thus acknowledged should appear from the instrument itself in the form of a certificate of the officer before whom the acknowledgment was taken, and, in the absence of such certificate, it is not competent to show by parol that the instrument was in fact acknowledged."

Twamley, Son & Co. v. Chicago, G. W. R. Co.

In this view of the evidence, it seems clear that Storrs had no right of action against Bollinger based upon the agreement between them.    This being true, and it being admitted that Storrs has $1,500 belonging to Bollinger, it follows that Bollinger should be permitted to recover that sum from Storrs.

The judgment of the district court is reversed, and the cause remanded for further proceedings in conformity with this opinion.

REVERSED.