Ruffin, Oh J.
 

 The plaintiff may iiave relief in another forum against the heirs of Ferrell upon the ground, that, by the written contract with Standridge, the plaintiff had a valid equitable title to the land, and that by Ferrell’s purchase, with notice of the plaintiff’s title, he became his trustee, and is liable as such, notwithstanding the plaintiff had cancelled Standridge’s covenant upon Ferrell’s promise to give his own, and his being prevented from doing so by the act of God. Rut, as an independent verbal promise from Ferrell to the plaintiff to execute a covenant or obligation to the plaintiff to »convey the land, the contract is within the statute of frauds, and the plaintiff cannot maintain an action at law on it. The'words are, that “ all contracts to sell or convey any lands, or any interest in or concerning them, shall be void, unless such contract be put in writing and signed by the parly to be charged therewith.” The plaintiff’s counsel admits, that, if Ferrell’s promise had been to convey the land to the plaintiff, no action would lie on it But a distinction is taken, that the promise is not of that kind, but is to execute a valid obligation, binding him thereafter to convey — which is supposed not to be within the statute. But the Court is clearly of the contrary opinion ; for both the obligation to convey the land and the promise to give the obligation are “concerning” land, and within the words of the act. Indeed, it would be absurd to
 
 *287
 
 say, that an oral promise to convey land is void, but that a promise, that the party will thereafter bind himself to convey the land, is valid. By the same reason, although the promise to pay the debt of another be void under the 10th section of the act, a promise to give a bond for the debt would be good — which cannot be. Such a construction would be a palpable evasion of the statute, and let in all the evils against which it is directed.
 

 Pee Curiam. Judgment affirmed.