[No. 3816.   Decided December 10, 1901.]

GEORGE F. WARD, *Respondent,* v. T. D. HINCKLEY, *Appellant.*

PAROL LEASE — STATUTE OF FRAUDS.

The fact that Bal. Code, § 4568, provides that "leases may be in writing or print, or partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals," does not change the rule that leases for the period of one year are not within the statute of frauds.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.  Affirmed.

*Fred H. Peterson,* for appellant.

*Brady & Gay,* for respondents.

The opinion of the court was delivered by

Reavis, C. J.—Action to recover damages for breach of contract of lease. The complaint alleges that in January, 1900, appellant leased to respondent a store in Seattle for $100 a month during a term of one year, commencing March 1, 1900, and that the sum of $50 had been paid, and a receipt taken therefor in the following form:

"No. 2631.                    Seattle, Wash., Jan. 29, 1900.

Mr. G. W. Ward, to T. D. Hinckley, Dr., for rent of room Hinckley Building, Dep. on basement No. 115, to take effect Mar. 1, 1900.   $50.00.

Received payment,

T. D. Hinckley,

Rent due and payable in advance.          W. R. H."

That the premises, however, were of the value of $175 per month, and that the respondent intended to move his bookstore into said premises from a store near by, which he then occupied; that he was never let into possession, and was compelled to get another store, and so was damaged in the sum of $200 in greater expense in moving his stock of goods. The answer alleged that the agreement was conditional, in that the premises were then occupied by other parties, and that the lease should not go into effect unless these parties would vacate without litigation; and it was further alleged that the lease was only from month to month. Before the suit appellant tendered to the respondent the $50 which had been paid. The jury returned a verdict for plaintiff in the sum of $705. The first error claimed is upon the instructions of the court. Without reviewing here at length the instructions, we are satisfied that the case was fairly given to the jury,

and that the theories of both the plaintiff and defendant were stated in the instructions. The evidence concerning the time of the lease is conflicting, but there is sufficient testimony to support the verdict. In the reply brief of the appellant, for the first time, it is suggested that under § 4568, Bal. Code, a parol lease for one year is void. The section permits the agreement to be put in writing or printing, without the formality of an acknowledgment, or witnesses, or seal, but does not change the rule that such agreements to be performed within one year are not within the statute of frauds.

No reversible error appearing, the judgment is affirmed.

FULLERTON, ANDERS, MOUNT and DUNBAR, JJ., concur.