[No. 4967. Decided December 20, 1904.]

JOHN W. RICHARDS, *Respondent,* v. JULIUS REDEL-SHEIMER, *Appellant.*[1]

COMMON LAW—STATUTES. The common law of England, as adopted by the territorial law of 1863, continues to be the law of this state, except so far as modified by statute.

FRAUDS, STATUTE OF—LEASES—ORAL AGREEMENT FOR LEASE. Under the English statute of frauds an oral agreement for a lease would be a lease at will only.

SAME—COMMON LAW. Bal. Code, § 4517, providing that contracts evidencing any incumbrance upon real estate shall be by deed, modifies the common law respecting oral leases for less than one year.

SAME—LEASES FOR LESS THAN ONE YEAR. Bal. Code, § 4568, providing that leases for less than one year may be in writing, without seal or acknowledgement, modifies § 4517 providing that they shall be by deed.

SAME—SPECIAL PROVISIONS NOT CONTROLLED BY GENERAL ACT. Bal. Code, §§ 4517 and 4568, respecting leases for less than one year, being special statutes, are not affected by the general statute of frauds, Bal. Code, § 4576, which, consequently, can have no application to leases of real property.

SAME—LEASES FOR LESS THAN ONE YEAR—COMMON LAW SUPERSEDED. The English statute of frauds is entirely superseded by

[1]Reported in 78 Pac. 934.

our statutory enactments, and an oral lease of real estate for less than one year is within our statute of frauds and void, and the same is not a lease at will, as under the English common law.

SAME—ORAL AGREEMENT TO EXECUTE A LEASE. There is no distinction between an oral agreement to execute a lease of real estate and an oral lease, and they are both within our statute of frauds.

SAME—LEASE FROM MONTH TO MONTH. If an oral lease is good at all, it is as a lease from month to month, under Bal. Code, § 4569, and then only upon such part performance, by delivery of possession, as will take the same out of the operation of the statute of frauds.

LEASE—REAL OR PERSONAL PROPERTY—BUILDING TO BE MOVED TO CERTAIN LOT. An oral lease of a building, which was to take effect only when the building had been moved to a certain lot, can not be sustained as a lease of personal property, as it had reference to the building after it should become a part of the realty.

Appeal from a judgment of the superior court for King county, Griffin, J., entered October 6, 1903, upon the verdict of a jury rendered in favor of the plaintiff for $1,900 damages for breach of an agreement to execute a lease. Reversed.

*Richard Saxe Jones,* for appellant.

*William Martin* and *W. A. Keene,* for respondent.

PER CURIAM.—The complaint alleges, that, on or about the 1st of October, 1901, the plaintiff was a tenant of the defendant, and was occupying the top floor of a building known as the Plummer building, at the corner of Third avenue and Union street, in the city of Seattle, and was conducting a lodging house therein; that he has fitted up said building with furniture, carpets, etc., at an expense of $3,200; that, on or about said date, the defendant entered into an oral agreement with the plaintiff that he would remove said building to the corner of Pine street and Third avenue, and refit the same with all modern improvements for a lodging house, and would

permit him to occupy it upon the following terms: first month, rent to be free; the next six months, rent to be $100 per month; and thereafter, rent $150 per month. The plaintiff agreed to the terms of the agreement, and was permitted to leave his furniture in the building while the same was being removed. The building was completed and ready for occupancy about the 1st of August, 1902.

The complaint further states that, without notice to the plaintiff, and in violation of said agreement, the defendant removed plaintiff's furniture, bedding, and other property, on or about the — day of —, 1902, to a warehouse, and refused to permit plaintiff to re-enter said premises, or to replace his goods or furniture therein, and refused to rent said building as refitted, or at all, to the plaintiff. Plaintiff brought an action for damages in the sum of $7,500, and recovered a verdict before a jury in the sum of $1,900. The defendant duly made a motion for a new trial, and a motion for judgment *non obstante veredicto,* which motions were denied, and judgment entered on the verdict. Defendant appeals.

There are substantially four questions involved in this appeal: (1) To what extent, if at all, is the English statute of frauds in force in this state? (2) Is an oral lease of real estate for less than a year within the statute of frauds? (3) Is an oral contract to execute a written lease of real estate within the statute? And (4) was the contract in question a contract to lease real or personal property?

While, as a matter of fact, the only question with which we have to deal is as to the effect of an oral contract concerning real estate, the discussion must necessarily take a much wider range. This seems to be the first time that the question has been directly raised as to whether the

English statute of frauds is in force in this state. From an examination of the statutes of Oregon territory, during the time when this state was embraced within its geographical limits, there seems not to have been any legislation materially affecting the English statute of frauds. Hence, the common law, as adopted by our legislature in 1863, in so far as the same was not incompatible with our conditions, including the statute law of England as it existed at the date of the Declaration of Independence, became the common law of the late territory of Washington, and, by virtue of the constitution, the law of this state, and still continues to be the law, except in so far as it has been modified by legislative enactment. *Wagner v. Law,* 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784.

The first four sections thereof are as follows:

"§ 1. All leases, estates, interests of freehold or terms of years, or any uncertain interest of, in or out of any messuages, manors, lands, tenements, or hereditaments, made or created by livery and seisin only or by parol, and not put in writing and signed by the parties so making or creating the same, or their agents thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect; any consideration for making any such parol leases or estates, or any former law usage, to the contrary notwithstanding.

"§ 2. Except nevertheless all leases not exceeding the term of three years from the making thereof, whereupon the rent reserved to the landlord during such term shall amount to two-third parts at the least of the full improved value of the thing demised.

"§ 3. And, moreover, that no leases, estates, or interests, either of freehold or terms of years, or any uncertain interest, not being copyhold or customary interest, of, in, to, or out of any messuages, manors, lands, tene-

ments, or hereditaments, shall be assigned, granted, or surrendered, unless it be by deed or note in writing signed by the party so assigning, granting, or surrendering the same, or their agents thereunto lawfully authorized by writing, or by act and operation of law.

"§ 4.   No action shall be brought whereby to charge any executor or administrator upon any special promise, to answer damages out of his own estate; (2) or whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person; (3) or to charge any person upon any agreement made upon consideration of marriage; (4) or upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them; (5) or 'upon any agreement that is not to be performed within the space of one year from the making thereof; (6) unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

Under the above statute, the lease in question would be a lease at will.   Section 4517, Bal. Code, is first found in the session laws of 1854, and has been brought down to the present time in substantially the same language.   It is as follows:

"§ 4517.   All conveyance of real estate, or of any interest therein, and all contracts evidencing any incumbrance upon real estate shall be by deed." ·

A lease is an incumbrance.   *Hoover v. Chambers,* 3 Wash. Ter. 26, 13 Pac. 547.

"§ 4518.   A deed shall be in writing signed by the party bound thereby, and acknowledged by the party making it, before some person authorized by the laws of this state to take the acknowledgment of deeds."

"§ 4568.   Tenancies from year to year are hereby abolished except when the same are created by express written contract.   Leases may be in writing or print, or

partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals."

"§ 4569. When premises are rented for an indefinite time, with monthly or other periodic rent reserved, such tenancy shall be construed to be a tenancy from month to month, or from period to period' on which rent is payable, and shall be terminated by written notice of thirty days or more, preceding the end of any of said months or periods, given by either party to the other."

Section 4576 provides that "every agreement that by its terms is not to be performed within one year from the date of the making thereof" shall be void, unless such agreement or some note or memorandum thereof be in writing, signed by the party to be charged therewith, etc. It is apparent, from the provisions of § 4517, that the common law has been modified to the extent of providing that all conveyances of real estate, or of any interest therein, or contract evidencing any incumbrance thereon, shall be by deed. The provisions of § 4517, *supra,* are next modified by § 4568 (which is to be found first in the laws of 1867, p. 101), by providing that leases for less than a year may be in writing, etc., without seal or acknowledgment.

Sections 4517 and 4568 are special statutes applying to conveyances of interests in real estate, and, therefore, not affected by any implication which may be found in § 4576, *supra,* which is a general statute applying to all contracts not otherwise specially provided for. It is true, in *Ward v. Hinckley,* 26 Wash. 539, 67 Pac. 220, the court held an oral lease for less than a year valid, although the question was not argued in the briefs of counsel, nor was the attention of the court called to § 4569. In order to give force to both §§ 4568 and 4576, we are compelled to hold that

§ 4576 has no application to leases of real property. The legislature cannot be presumed to have done an idle thing, and when, in § 4568, it provided that, "Leases may be in writing or in print or partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses or seals," it must be assumed that it intended thereby to modify §4517, which provides that all contracts evidencing any incumbrance upon real estate shall be by deed. These different statutes, it seems to us, entirely supersede the English statute of frauds relating to real property.

In *Brown v. Baruch*, 24 Wash. 572, 64 Pac. 789, an oral lease was sustained on the ground of an estoppel. The case of *Colcord v. Leddy,* 4 Wash. 791, 31 Pac. 320, has no application here, for the reason that the contract under consideration there was a written contract; and the same may be said of *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976. This seems to dispose of the first and second questions.

When we come to consider the history of the statute, and the abuses which it sought to correct, principal among them being the tendency to fraud and perjury, it is difficult to distinguish any substantial difference between an oral contract to execute a written lease of real estate and an oral lease of real estate. For instance, an oral lease, which was clearly within the statute, could be construed to be a contract for a lease, and thus take the case out of the statute, and accomplish indirectly what could not be done directly. Brown, Statute of Frauds, 139, and cases therein cited.

It was held, in *Hawley v. Moody,* 24 Vt. 603, that, when a party entered into an oral agreement with another to meet him at a certain office, and there execute a

written lease of a certain tavern stand, and was paid a
gold watch, which was accepted as payment of $100 on
said contract of lease, such a contract was within the
statute of frauds.    In *Ledford v. Farrell,* 34 N. C. 285,
it is held that a verbal engagement to execute a written
agreement to convey land is within the statute.    In fact,
the weight of authority is to the effect that all contracts
conveying any interest in real estate, and all agreements
to substantially execute written conveyances or leases
of real estate, are within the statute, and must be in
writing.    8 Am. & Eng. Enc. Law, p. 695 (1st ed.).

We cannot hold an oral lease to be a lease at will,
under the first section of the English statute, for that
statute is superseded by § 4517; hence, if an oral con-
tract of lease is good at all, it must come under § 4569,
and be construed to be a lease from month to month,
and then only where the tenant has been put into posses-
sion.    In other words, there must be such a part per-
formance as will take the case out of the statute, in order
to sustain an oral lease of real estate in any event.

Neither can we sustain the theory of the respondent
that the contract sued upon was a contract of lease of
personal property; for, by the terms of the contract,
proven at the trial, the lease was not to take effect until
the building was removed to the lot on the corner of
Pine and Third avenue, and this contract was clearly with
reference to the building which should become a part of
the realty on the lot just mentioned, and not otherwise.

The judgment will be reversed.