[No. 7854.  Department One.  May 24, 1909.]

CHARLOTTE E. NORTHCRAFT *et al., Appellants,* v.
I. BLUMAUER *et al., Respondents.*[1]

LANDLORD AND TENANT—USE OF PREMISES—WASTE.  The graveling
of a leased right of way for a logging road that was to have been
timbered is not such waste as to warrant a cancellation of the lease,
where the rental value of the land was not impaired, drainage
ditches benefited the land in excess of the damage, and the lessee
can be compelled to remove the gravel or respond in damages at
the end of the term.

FRAUDS, STATUTE OF—PAROL LEASE FOR YEARS—PERFORMANCE.  A
parol lease of a logging right of way for a longer period than one
year will not be set aside at the instance of the landlord, where the
lessee took possession with the lessor's consent, constructed a road
at an expense of $5,000, benefited the land by ditches, and purchased
the lessor's timber as an incident to procuring the right of way; as
such course would be inequitable.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered September 30, 1908, in favor
of the defendants, after a trial on the merits before the court
without a jury, in an action of ejectment.  Modified.

*Troy & Sturdevant* and *John M. Wilson,* for appellants.
*T. M. Vance,* for respondents.

GOSE, J.—The appellants commenced this action for the
purpose of ejecting the respondents from a certain right of
way across their land.  The complaint charges, in substance,
that Charlotte E. Northcraft is the owner of a life estate in
a certain donation claim, with remainder in fee to her minor
son, her co-plaintiff, of whom she is guardian; that on August
1, 1906, she, acting for herself and her ward, but without
permission from the court, made an oral lease to respondent
I. Blumauer of a right of way across such land; that pur-
suant to the lease, the respondents entered into possession of
such right of way; that more than thirty days prior to Aug-

[1]Reported in 101 Pac. 871.

ust 1, 1907, she served notice upon the respondents of the termination of the lease, and demanded possession of such right of way on August 1, 1907, and that they have refused to deliver such possession.

The respondents pleaded affirmatively (1) that about July 1, 1906, the respondent Isaac Blumauer, as president of the Blumauer Logging Company, for the purpose of procuring a right of way for a logging railroad across such land, agreed with the appellant C. E. Northcraft, and she with him, that, in consideration of $300, she would sell certain timber, and that for a yearly rental of $25 she would permit the respondents to construct and operate a railroad logging road across such premises for a period of ten years, such way to be selected off the cultivated land; that the respondents slashed their right of way in accordance with such agreement; that after such right of way had been slashed, the said Blumauer and C. E. Northcraft viewed the same, and that she then consented to the right of way thus chosen; that thereafter and about August 1, 1906, in pursuance of the contract, the respondents paid her the sum of $325, being payment for the timber and the first year's rental for the right of way; that thereafter at large expense the respondents constructed their logging road across such premises and along the route which she had examined and agreed to; that in so doing, the land being a marsh, they were compelled to place a part of the road upon a trestle and a part thereof upon a gravel bed; that they constructed a spur to the timber purchased from the appellants, for the purpose of removing such timber; that in the building of the road they constructed and opened ditches along the right of way and laterals about one mile in length for drainage purposes; that such ditches reclaimed a large part of such land and constitute a permanent improvement of the same; that the cost of such ditches was $200; that thereafter the appellants objected to a continuation of such right of way at a point two thousand eight hundred and fifty feet from the north side of their land, and the

placing of gravel thereon, and it was then agreed between appellants and respondents that appellants would ratify all the work theretofore done and let the respondents have the right of way as constructed for the period of fifteen years, at the yearly rental of $50, and that the respondents could at such point continue their line through the remainder of appellants' property so that the logging road could be used for the removal of other timber which they owned, and that, relying thereon, they constructed such road prior to the commencement of this suit; that it was also a part of such agreement that respondents should remove all the gravel on the first six hundred foot spur, and all the gravel between such change along the main line to the east line of appellants' premises, the first six hundred feet to be removed immediately after the respondents shall have removed the timber purchased from the appellants, and the other when directed by a decree of the court; that all the timber purchased from the appellants has been cut, but a part thereof has not been removed; that the respondents are engaged in the mill and logging business, have a large capital invested therein, and that a cancellation of such lease would cause them irreparable injury.

Issue was joined on the new matter pleaded in the answer. The cause was tried to the court; whereupon it entered a decree in favor of the respondents, which is in part as follows:

"It is ordered, adjudged and decreed that the defendants are entitled to the use of the right of way used as a logging railway across the premises of plaintiffs according to the description thereof contained in the pleadings in the cause."

From such decree, to which suitable exceptions were taken, this appeal is prosecuted. There were no findings of fact or conclusions of law other than the foregoing excerpt from the decree.

A careful reading of the evidence discloses that the respondents entered upon the land and constructed a standard gauge logging railroad some thirty-two hundred feet in

length, at an expense of $5,000, the greater part of which was upon the line agreed to by the appellants; that in the building of the road they constructed drainage ditches at an expense of about $200, which reclaimed several acres of land and augmented both its rental and permanent value; that they paid the appellants $300 for the timber and $25 for the first year's rental for the right of way, and at the proper time tendered them $50 as rental for the second year, in accordance with the alleged second agreement; that the appellants' land is situate between the respondents' sawmill and a large body of their timber; that, as the appellants knew, the respondents purchased the appellants' timber only as an incident to the procuring of the right of way. It may also be gathered from the evidence that the respondents agreed to timber the right of way, and that the graveling was done without appellants' consent. The evidence does not show that the graveling impaired the rental value of the land, or that it materially affected the fee. We do not think it is such waste as would authorize a cancellation of the lease. 30 Am. & Eng. Ency. Law (2d ed.), 239.

The appellants urge that they can terminate the lease and recover possession of the right of way under the rule announced in *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852; *Richards v. Redelsheimer*, 36 Wash. 325, 78 Pac. 934; *Dorman v. Plowman*, 41 Wash. 477, 83 Pac. 322, and *Snyder v. Harding*, 38 Wash. 666, 80 Pac. 789. A parol lease for a longer period than one year, where the lessee has taken possession with the consent of the lessor, is only voidable, and it will not be terminated at the instance of the landlord when such course would be inequitable. *Watkins v. Balch, supra*. As was said in that case: "This on the principle that it would be permitting the statute to perpetrate, rather than prevent, frauds."

A strict application of the statute would in this case be a manifest injustice to the respondents. They purchased the appellants' timber primarily for the purpose of securing the

right of way. With the consent of the appellants they have expended a large sum of money in the construction of a logging railroad. The evidence leaves it exceedingly doubtful whether the drainage has not benefited the land in excess of the damage sustained by the graveling of which complaint is made. If timely application had been made, the graveling would have been enjoined. 30 Am. & Eng. Ency. Law (2d ed.), 293. The respondents can be required in a proper action to remove the gravel or respond in damages at the expiration of the lease. This will afford a sufficient remedy to the appellants, and will not deny the respondents the benefit of either their contract or the money which they have expended pursuant to it. The trial court had the benefit of the presence of the witnesses and presumably adopted the evidence most favorable to the respondents. However, the decree should have been in favor of the respondents for the leasehold period only. It was not so limited and, in the absence of a finding, we are not advised as to the court's view as to the life of the lease. We do not think the respondents have established the second contract by a preponderance of the evidence. In view of the fact that the minor was fourteen years of age at the time of the making of the lease, we are impressed with the appellants' testimony that the lease was for seven years only.

The judgment will therefore be modified so as to give the respondents the benefit of the right of way until August 1, 1913, at the yearly rental of $25. The appellants will recover their costs.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.