[No. 8275. Department Two. February 11, 1910.]

JULIUS KOSCHNITZKY, *Appellant*, v. HAMMOND LUMBER COMPANY, *Respondent*.[1]

FRAUDS, STATUTE OF—ORAL LEASE—PART PERFORMANCE. An unacknowledged lease for a logging right of way, for a period of ten years, for a small annual rental, is taken out of the operation of the statute of frauds by part performance, where the lessee went into possession, built its road at a cost of $40,000, and complied with a contemporaneous agreement (which was the consideration for the lease) by clearing the land and a stream, and building fences and a bridge, involving the expenditure of a large amount of money, and increasing the rental value of the land.

APPEAL—REVIEW—RIGHT TO ALLEGE ERROR—CROSS-APPEAL—NECESSITY. In the absence of a cross-appeal, the respondent cannot complain of the action of the lower court in denying its prayer for specific performance, and thereby obtain, on the adverse party's appeal, a more favorable judgment than it obtained below.

Appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered June 7, 1909, upon findings in

Reported in 106 Pac. 900.

favor of the defendant, in an action to recover real property and quiet title, after a trial on the merits. Affirmed.

*B. L. Hubbell,* for appellant.

*Coovert & Stapleton,* for respondent.

Dunbar, J.—This action is brought by appellant to recover from respondent possession of a strip of land in use as a private logging road, and to quiet appellant's title thereto. Respondent alleged a contract for a ten-years' lease, and asked specific performance of said contract. The judgment of the trial court was that the respondent do not have specific performance of the alleged contract, that neither party recover costs, and that the action of the plaintiff be dismissed. From the part of the judgment denying costs and dismissing his action, plaintiff appeals.

The record shows that the appellant is the owner in fee simple of the premises described in the complaint, and on March 3, 1906, entered into a written agreement with J. T. and R. J. Moylan, copartners doing business as Moylan Brothers, for the lease of a strip of land across the appellant's premises for a logging road. This lease was reduced to writing, signed, and recorded, but was not acknowledged. Contemporaneously with this lease and on the same day, another and additional agreement was entered into between the parties, providing that, in addition to the rental of $15 per annum which was provided for in the first paper, the lessees should do certain work upon the farm or land of the lessor, that stumps should be pulled in a certain locality, logs pulled out of the river, and certain fences and bridges built. It was the evident intention that these two agreements should be construed together and constitute one lease. On October 1, the Moylan Brothers sold their right to this lease to the Tongue Point Company, and after notice to quit, the Tongue Point Company sold to the Hammond Lumber Company, respondent in this action.

21—57 wash.

Of course, if this were the ordinary case of an unacknowledged lease for a fixed period beyond one year, with provision for yearly rental, there would be no escape from the conclusion that it was, in effect, an oral lease, void under the statute of frauds—at least, void so far as the duration of the lease is concerned; for the statute itself provides that, in such case, where possession is taken thereunder, it shall be construed to be a tenancy from month to month or from period to period and can be terminated by the lessee by giving thirty days' notice preceding the end of such period. So that it will be seen that the statute does not make the lease void *in toto*, and this was all that was decided in *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852, a case which is strongly relied upon by appellant. There the defense of part performance was interposed, and the equitable doctrine was recognized by this court, but it was held that, under the findings of fact, the evidence not having been brought up, there was no proof that the expenditures made upon the leasehold estate by the lessee increased the rental value. In this case there is no question of increasing the rental value of the land leased. The claim is that the case is taken out of the statute by possession and by performing all that the lessees agreed to perform as a part payment of the rental charged.

The authorities are generally to the effect that, if the rental is paid in advance for the whole period agreed upon, even though the period is for more than a year, the lessee cannot be ejected until the expiration of the term paid for, on the principle that any other construction of the statute would aid in the perpetration rather than the prevention of fraud. While the process may seem a little involved and lacking in directness, it proceeds upon the theory that the party invoking the statute is really charged upon the equities resulting from the acts done in execution of the contract, and not (within the meaning of the statute) upon

the contract itself. The same principle ought to apply here. The court found, and the evidence amply sustains the finding, that the lessees were put in possession; that the railroad was built upon the right of way which was leased, at a cost of about $40,000; that the lessees undertook to comply with the terms of the second instrument, and did pull stumps out of the bottom land, remove logs therefrom and, to a certain extent, cleared the creek free of logs and built a bridge across the creek and did other work until they were told by the plaintiff to vacate. So that the case falls squarely within the rule that possession and part performance take the case out of the statute of frauds. It would be highly inequitable to allow the appellant the benefit of all the work which was provided for in the contract (and the testimony shows that the work done represented a large amount of money) and at the same time to eject the respondent from the right of way the granting of which was the cause of the benefit conferred on appellant. We are convinced, from an investigation of all the testimony in this case, not only that the work agreed upon was done by the lessees until they were driven from the premises by the violent language and orders of the appellant, but that the real cause of appellant's attempt to terminate the lease was his discovery of the fact that the lease had not . been acknowledged and that the acknowledgment was, as he thought, a prerequisite to the validity of a lease.

The respondent complains of the action of the court in not granting it a decree of specific performance, but the respondent has not appealed in this case, and we are not able to agree with its contention that, notwithstanding it has not appealed, this being a case which is heard *de novo*, this court will grant such a judgment as ought to have been granted by the court in the first instance; for the righting of wrongs is what an appeal is given for, and the respondent should not obtain a more favorable judgment here than it obtained below when it received it without objection. In

other words, it ought not to profit by the action of the appellant who has sought by appeal to improve his position.

The judgment will therefore be affirmed.

RUDKIN, C. J., MOUNT, CROW, and PARKER, JJ., concur.