[No. 11673.   Department Two.   April 25, 1914.]

NATIONAL LAUNDRY COMPANY, *Respondent*, v. SOL. H. MAYER, *as Executor, etc., et al., Appellants.*

OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY, *Appellant*, v. NATIONAL LAUNDRY COMPANY, *Respondent.*[1]

FRAUDS, STATUTE OF — LEASES — ACKNOWLEDGMENT — BY LESSEE. Under Rem. & Bal. Code, §§ 8745, 8746, 8802, an unacknowledged lease for more than one year is void, so far as its duration is concerned, and creates a tenancy from month to month or from period to period on which rent is payable; and an acknowledgment by the lessee alone is not an acknowledgment within the meaning of the statute.

SAME—LEASES—PART PERFORMANCE.   Under an unacknowledged lease, for five years, "with the privilege of five more years, but rentals readjusted," a part performance taking the same out of the operation of the statute of frauds for the first period of five years, would not validate the lease for the second or renewal period, in the absence of any agreement between the parties readjusting the rentals.

SAME—ORAL AGREEMENT TO MAKE LEASE.   An oral agreement to execute a lease for five years is as much within the statute of frauds as an oral lease itself.

Appeal by defendants from a judgment of the superior court for Spokane county, Huneke, J., entered May 6, 1913, upon findings in favor of the plaintiff in an action to quiet title, and from a judgment awarding damages in condemnation proceedings, after a trial of the consolidated actions to the court.   Reversed.

[1]Reported in 140 Pac. 393.

*Lloyd E. Gandy, Hamblen & Gilbert,* and *Cohn, Rosen-haupt & Grant,* for appellants.

*Zent, Powell & Redfield,* for respondent.

Morris, J.—These two actions were consolidated in the court below for the purpose of trial, and are so treated on this appeal. The first is an action to quiet a leasehold interest in the premises in controversy, and was commenced in July, 1910. Subsequent to the execution of the lease hereinafter referred to and the commencement of the first action, the railroad company acquired the fee in the property by purchase, and on November 14, 1912, served a notice to quit upon respondent, requiring the surrender of the premises at the expiration of the first five-year period named in the lease, and on December 3, 1912, commenced a condemnation suit to fix the damages to the leasehold interest, if it should be held that such existed. Under a stipulation between the parties, through which all parties preserved their rights, the respondent remained in possession of the premises until some time in February, 1913, when it surrendered possession to the railroad company, leaving the question of its damages to be determined in the condemnation suit. The lower court sustained the right of action in the first suit, and $4,200 was awarded respondent in the second suit. The appeal is from both judgments.

On July 3, 1907, Simon Rosenhaupt and wife were the owners of the premises involved in these two suits. On that day, Simon Rosenhaupt entered into an agreement with I. M. Foster and Hiram W. Moseley, predecessors in interest of the respondent, as follows:

"Spokane, Wash., July 3rd, 1907.

"Received from I. M. Foster and Hiram W. Moseley, twelve hundred ($1200) dollars, being payments of rent for six months for lease of building to be erected on lots 4 and 5 of block 6 of Resurvey and Addition to Spokane. Said lease to be for a period of five years from the time said building is completed ready for occupancy, at a monthly rental

of $200 per month.    Said lease to be made to above named
parties or at their request to company to be formed by them
and associates.            (Signed) Simon Rosenhaupt."

In accordance with this agreement, the Rosenhaupts con-
structed a three-story brick building with basement, and up-
on the completion of the building, the laundry company
moved in, occupying the basement and first and second stories
for laundry purposes, installing the customary and neces-
sary machinery.    On the 15th day of December, 1907, a for-
mal lease was drawn up between the Rosenhaupts and the
laundry company, and signed by all the parties, but not
acknowledged at this time by any of the parties thereto.    The
lease was never acknowledged by Simon Rosenhaupt or his
wife, nor was any demand ever made upon them for such
acknowledgment previous to the commencement of the first
suit.    On January 19, 1910, the laundry company caused
the lease to be acknowledged by its then president and secre-
tary, and commenced the first of these actions to have its
leasehold interest quieted.    The demising clause of this lease
is as follows:

"Witnesseth:  That the said parties of the first part do
by these presents lease, let and demise unto the said party of
the second part the first and second floors and basement,
situated at No. 314 Stevens street, in the city of Spokane,
and state of Washington, with the appurtenances for the
term of five years (5 years)`, with privilege of five more years,
but rentals readjusted, from the 15th day of December, one
thousand nine hundred and seven, at the monthly rent or
sum of two hundred ($200) dollars, payable in gold coin of
the United States, monthly in advance, on the 15th day of
each and every month during the said term of five years (5
years)."

We have repeatedly held, under §§ 8745, 8746 and 8802,
Rem. & Bal. Code, that an unacknowledged lease for more
than one year is void so far as the duration of the lease is
concerned, and shall be construed only as a tenancy from
month to month or from period to period on which rent is

payable. *Dorman v. Plowman,* 41 Wash. 477, 83 Pac. 322;
*Richards v. Redelsheimer,* 36 Wash. 325, 78 Pac. 934; *For-
rester v. Reliable Transfer Co.,* 59 Wash. 86, 109 Pac. 312,
Ann. Cas. 1912 A. 1093; *Watkins v. Balch,* 41 Wash. 310,
83 Pac. 321, 3 L. R. A. (N. S.) 852; *Anderson v. Frye &
Bruhn,* 69 Wash. 89, 124 Pac. 499; *Koschnitzky v. Ham-
mond Lumber Co.,* 57 Wash. 320, 106 Pac. 900; *Brownfield
v. Holland,* 63 Wash. 86, 114 Pac. 890; *Hockersmith v. Sul-
livan,* 71 Wash. 244, 128 Pac. 222.

It was also held in the *Forrester* case that an acknowledg-
ment by the lessee alone is not an acknowledgment within the
meaning of the statute. Under these authorities, this lease
was invalid, unless the facts furnish some reason why they
are not decisive. Respondent seeks to find such an excep-
tion in certain improvements it has made upon the premises,
which operated as such a part performance of the lease as
to estop the landlord from disputing its validity. We do
not think that it is necessary that we should discuss the rule
of part performance as affecting the validity of an other-
wise invalid lease, or whether or not the facts of this case
will support such a rule. Assuming that such a rule exists,
its applicability here would be limited to the right of respond-
ent to continue in its occupancy of the premises under the
lease for the full term of five years. The only force of such
a rule would be to estop the landlord from denying the con-
tract then in existence. It would not make a new contract
between the parties and extend the lease for a further period
of five years, for the reason that, before that provision of the
lease could be enforced, it would be necessary for the minds
of the parties to meet upon a new contract on which the lease
as drawn is silent, and that is the rental value of the prem-
ises for the second period of five years. The language of
the lease is, "with the privilege of five more years, but rentals
readjusted." The lease itself furnishes no rule for such an
adjustment of rentals, and it is clear that it could be ac-
complished only by an arrangement between the lessor and

the lessee. For the purposes of the trial, it was stipulated in open court that the rental value of the premises for the second five-year period would be $200 per month. Such stipulation, however, does not affect the question we are now discussing. While, therefore, the part performance of the lease might have validated the lease for the first period of five years, the same reason could not operate in favor of its validity for the second period of five years. Since the lease is invalid for a greater period than one year, the provision for the second period of five years is of no more force than an oral agreement to execute a lease, which is as much within the statute of frauds as the lease itself. *Richards v. Redelsheimer* and *Anderson v. Frye & Bruhn, supra.* We, therefore, conclude that respondent had no leasehold or other interest in the premises subsequent to December 16, 1912, the expiration of the five-year period first provided in the lease.

The judgments of the lower court are reversed, and the causes remanded with instructions to enter judgments in accordance with the views here expressed.

CROW, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.