[No. 13489. Department One. August 16, 1916.]

A. C. Jamison *et al., Appellants,* v. T. J. Reilly *et al., Respondents.*[1]

Landlord and Tenant—Lease—Acknowledgment—Necessity. An unacknowledged lease for a term of three years, with monthly rent reserved, is void, except as a tenancy from month to month.

Same—Rent—Liability After Surrender—Assignment of Lease—Termination. The recognition of assignees of the tenants under a lease from month to month, and acceptance of rent from them, operates as a surrender of any right against the original tenants and waives notice of termination.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered November 6, 1915, upon findings in favor of the defendants, in an action for rent, tried to the court. Affirmed.

*A. E. Gallagher,* for appellants.

*Danson, Williams & Danson (George D. Lantz,* of counsel), for respondents.

Morris, C. J.—Action to recover rentals reserved under an unacknowledged lease. In September, 1911, appellant and

[1]Reported in 159 Pac. 699.

respondents entered into a written lease for the occupancy of a livery stable for a term of three years, at a monthly rental of $100 per month for the first six months, and $150 per month for the remainder of the term. This lease was signed but not acknowledged. Thereupon the respondents entered into possession of the premises, and so remained until December 31, 1911, when they made an oral assignment of the lease to Ahrens and Simmons, who thereafter continued in possession and paid the rent up to October, 1912, when Ahrens, Simmons having died in the meantime, formally assigned the lease to Von Lehe, who continued the possession until December 31, 1912. On November 30, 1912, Mr. Jamison then being absent from home, Von Lehe served upon Mrs. Jamison written notice of his intention to surrender possession of the premises on December 31st. The sufficiency of this notice is questioned. Subsequently the Jamisons brought this action, in which they seek to recover from respondents, as original lessees, all of the unpaid rent for the balance of the three-year term. The lower court found against them and they have appealed.

The first question to be determined is the character of the lease. Having in mind our statutes relative to contracts creating an interest in real estate, this court has uniformly held that an unacknowledged lease for a term exceeding one year is void, so far as the duration of the lease is concerned, and can be enforced only as a tenancy from month to month or from period to period in which rent is payable. *National Laundry Co. v. Mayer*, 79 Wash. 212, 140 Pac. 393. Under the holding, this lease, providing as it does for the payment of a monthly rental, could only be enforced as a tenancy from month to month.

The lower court has found, and the evidence establishes the fact, that the assignment by respondents to Ahrens and Simmons was with the full knowledge and consent of Jamison. Having accepted Ahrens and Simmons as tenants under the lease and received the rent from them during their occu-

pancy from December 31, 1911, to October, 1912, would operate as a surrender by appellants of any right to enforce the lease as against respondents. A tenancy from month to month can be terminated by either party giving thirty days' notice, but such provision, like any other made for a party's benefit, may be waived. We think the recognition of the subsequent tenancy and the acceptance of the rent operates as such a waiver.

These facts make it unnecessary to determine whether the notice served upon Mrs. Jamison was effective as a termination of the lease.

The judgment is affirmed.

MOUNT, CHADWICK, ELLIS, and FULLERTON, JJ., concur.