[No. 17669.   Department One.   April 20, 1923.]

## C. H. WOOD et al., Respondents, v. JASPER SILL, Appellant.[1]

FRAUDS, STATUTE OF (11)—ORAL AGREEMENT TO MAKE LEASE. An oral agreement or promise to make a lease of real estate is void, unless the lessee is put in possession and part performance is had.

LANDLORD AND TENANT (6, 15-1)—ORAL AGREEMENT TO LEASE— BREACH—DAMAGES—EVIDENCE—SUFFICIENCY. Damages cannot be recovered for breach of an oral contract to lease land to one of two joint purchasers from the lessor, upon their releasing their interest in the land contract, in consideration of which the lessor agreed to spend the $600 he had received on the purchase price in seeding the land and purchasing stock, where there was no agreement to return the $600, which belonged to the lessor, or any enforcible contract to make the lease.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 8, 1922, upon findings in favor of the plaintiffs, in an action on contract, tried to the court.   Reversed.

*J. A. Coleman,* for appellant.

*Andrew Johnson,* for respondents.

BRIDGES, J.—This suit is about an oral agreement to make a lease of real estate. Defendant has appealed from a judgment against him.

A reading of the entire record convinces us that the controlling facts are that the respondents and one Boland had entered into a written contract with the appellant for the purchase of the real estate in question. At the time of making this contract, the respondents paid down, as their portion of the cash consideration, six hundred dollars. The purchasers went on the land and farmed it for about a year, when trouble arose chiefly because the appellant was dissatisfied with the

[1]Reported in 214 Pac. 625.

way he was being treated by Boland, and, for that reason, was desirous of terminating the original contract of purchase. He considered that, if he could secure a termination of the contract in so far as the respondents were concerned, he would thereby be assisted in terminating Boland's interest. With this in view, the appellant, who is a man over seventy years of age, orally agreed with the respondents that if they would execute to him a quitclaim deed for the property in question, thereby terminating the contract in so far as they were concerned, he, the appellant, would give them, the respondents, a three-year lease on the property so soon as he could secure possession of the place from Boland, and that he would use the six hundred dollars, which respondents had paid down in cash, in buying stock and seed to be used on the place, and that, during the term of the lease, the crops should be divided in a designated manner. One of the respondents testified concerning this so-called lease as follows:

"Why, he said we should have a three-year lease on the place and give us two-thirds of the crop and was to take the $600 and stock it for us, buy our stock and seed and everything for us to run the place."

At once after the making of the quitclaim deed, the respondents left the place and have not since returned. Thereafter appellant refused to carry out his oral agreement to lease the place to the respondents.

Based upon the facts thus recited, a suit was begun by the respondents for damages against the appellant because of his refusal to lease them the property, alleging their damage to be $600. The appellant denied that there was any agreement, oral or otherwise, concerning the rental of the place to the respondents.

We are convinced, as was the trial court, that such an agreement as that above indicated was made, and

the only remaining question is, can the respondents recover upon the facts as we find them.

The oral agreement was not a lease, but a promise to lease. We have held that an oral lease of real estate is void under the statute of frauds unless the lessee is put into possession and at least a part performance has been had. *Richards v. Redelsheimer,* 36 Wash. 325, 78 Pac. 934. We have also held that an oral agreement to execute a lease to real estate is within the statute of frauds and is void and unenforcible. *Richards v. Redelsheimer, supra; National Laundry Co. v. Mayer,* 79 Wash. 212, 140 Pac. 393. Following these authorities, it must be held that the oral agreement entered into between these parties is void, and, being such, an action for damages cannot be maintained thereon.

But if it should be conceded that the oral agreement is enforcible and that the respondents would be entitled to damages because of the breach thereof; yet the judgment cannot be affirmed because there was absolutely no testimony showing, or even tending to show, any legal damage as a result of such breach. The case was tried in the lower court upon the theory that the damage would be the $600 which the respondents had originally paid on the contract of purchase of the real estate, and it was upon this theory that the trial court entered its judgment. But this $600 at all times belonged to the appellant. There was no agreement that he would return it to the respondents if they would release their interest in the purchase contract, nor was there any agreement that the amount of damage should be $600 in the event of the appellant failing to live up to his oral agreement. According to the testimony of both respondents, the agreement was that the appellant should purchase stock and seed for the place when it

was ultimately returned to the appellant and by him leased to respondents. These facts would in no wise justify a judgment for damages against the appellant for breach of his verbal agreement to lease. Having determined, however, that, under no circumstances, can this kind of action be maintained, although the general equities may be with respondents, it is not necessary for us to further pursue this subject. The whole trouble here is that the suggestion of Mrs. Wood, to the effect that these oral agreements should be reduced to writing, was not carried out.

· Judgment reversed and cause ordered dismissed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.