[No. 18387.  Department One.  April 28, 1924.]

OMAK REALTY INVESTMENT COMPANY, *Appellant*, v.
LORENZO S. DEWEY, *Respondent*.[1]

LANDLORD AND TENANT (6, 10)—AGREEMENT FOR LEASE—ACKNOWL-
EDGMENT. An unacknowledged lease or contract for a lease of real
property for a term exceeding one year is within the statute of
frauds, Rem. Comp. Stat., § 10618, and void.

FRAUDS, STATUTE OF (49)—PART PERFORMANCE—UNACKNOWLEDGED
LEASE—VALIDITY. An unacknowledged contract for a lease of four
rooms in a building to be constructed by the landlord is not taken
out of the operation of the statute of frauds by part performance,
by the construction of the building and the making of changes in
the plans and specifications at the instance and request of the
tenant, where the extent of such changes is not shown and the
tenant never took possession or paid any rent.

Appeal from a judgment of the superior court for
Okanogan county, Neal, J., entered June 27, 1923, upon
sustaining a demurrer to the complaint, dismissing an
action on contract. Affirmed.

*W. H. Patterson*, for appellant.

*Johnson & O'Connor*, for respondent.

PARKER, J.—The plaintiff investment company, as
grantee and assignee of J. R. Laycock, seeks recovery
of damages claimed to have resulted to him from the
refusal of the defendant, Dewey, to enter into a lease
contract for certain premises and assume the obliga-
tions of lessee thereof in pursuance of a contract made
by him with Laycock. The defendant's demurrer to
the plaintiff's complaint was by the superior court sus-
tained, and the plaintiff electing to not plead further,
final judgment of dismissal was rendered against it
accordingly, from which it has appealed to this court.
The only question here for consideration is that of

[1] Reported in 225 Pac. 236.

13—129 WASH.

the sufficiency of the facts alleged in the complaint to state a cause of action against the defendant, in view of our statute of frauds relating to leases of real property for terms exceeding one year. The facts therein alleged may be summarized as follows: On March 31, 1922, Laycock and Dewey entered into a contract in writing which was signed by both of them, but not acknowledged by either of them. In so far as we need here notice the terms of that contract, they are as follows:

"Agreement, Made and entered into this 31st day of March, 1922, by and between J. R. Laycock, party of the first part, and L. S. Dewey, party of the second part:

"Witnesseth, That whereas the party of the first part contemplates the erection of a building in the town of Omak, Washington, the plans for which have been prepared:

"And Whereas the second party desires office rooms in said building arranged to suit his business as physician and surgeon, and said plans have been drawn in accordance with second party's desires in this respect:

"And Whereas second party has agreed to lease said rooms if first party will erect said building:

"Now Therefore in consideration of the premises and the erection of said building substantially in accordance with said plans, . . . the party of the second part agrees to lease from the first party four rear rooms of said building, . . . Second party agrees to enter into a lease for a term of three years from and after the completion of said building and to pay therefor the sum of eighty dollars per month on the first day of each month during the life of this lease. . . .

"Said building shall be completed and ready for occupancy on or before June 15th, 1922, . . .

"As soon as said building is completed a written lease of said premises shall be prepared by first party and signed by both parties, which shall embody the

terms of this agreement in addition to clauses usual to leases."

Following the setting out of the contract, the complaint alleges:

"That immediately upon the execution of said agreement the said J. R. Laycock commenced the erection of a building in accordance with the plans and specifications referred to in said agreement, and thereafter completed the same prior to the 15th day of June, 1922. That in the erection of said building at the special instance and request of the defendant Lorenzo S. Dewey the said J. R. Laycock made many alterations from the said plans and specifications that the said office might be more fitted for the use of the said defendant as a physician and surgeon.

"That upon the completion of the said building and prior to the 15th day of June, 1922, the said J. R. Laycock notified the said defendant Lorenzo S. Dewey that said building was ready for occupancy and thereafter presented to the said defendant a form of lease prepared in accordance with the terms and conditions of said agreement for execution by the said defendant, the said J. A. Laycock and his wife, Edith M. Laycock, being then and there ready, able and willing to execute the said lease with the said defendants Lorenzo S. Dewey for the term provided in said agreement, but that the said defendants have and still do wholly fail, neglect and refuse to execute said lease or to pay the said rental as provided in said agreement, or in any manner to perform any of the terms and conditions of said agreement.

"That the said J. R. Laycock and Edith M. Laycock, his wife, thereafter for a valuable consideration sold and conveyed to the plaintiff herein all their interest in and to the said building and premises described in said agreement, and by an instrument in writing assigned to the plaintiff the said agreement together with all their rights for the enforcement thereof.

"That the said J. R. Laycock during the time that he was the owner of said building and the said plaintiff thereafter made every effort to lease said building for

the sum provided in said agreement, but that the said J. R. Laycock and the said plaintiff were unable to secure a lessee for said premises until the 15th day of August, 1922, at which time plaintiff leased the said premises described in said agreement to other parties for the said term of three years for the sum of fifty dollars per month on the first day of each and every month, which said rental is all that the said premises would rent for to other parties for said term.

"That by reason of the breach of said contract with the said defendants the said plaintiff has suffered damages in the sum of one thousand two hundred thirty dollars."

Upon these facts the plaintiff prays for recovery of damages.

The trial court sustained the demurrer evidently upon the theory that the lease contract not being acknowledged is void and unenforcible, and that there was no sufficient part performance thereof to render it enforcible notwithstanding the statute. This court has several times held that unacknowledged leases of real property for terms exceeding one year are void and unenforcible under our statute of frauds relating to the leasing of real property; Section 10618, Rem. Comp. Stat. [P. C. § 3553]; *Dorman v. Plowman,* 41 Wash. 477, 83 Pac. 322; *Forrester v. Reliable Transfer Co.,* 59 Wash. 86, 109 Pac. 312, Ann. Cas. 1912A 1093; *Jamison v. Reilly,* 92 Wash. 538, 159 Pac. 699, Ann. Cas. 1918D 160; *Eriksen v. Manufacturers Distributing Co.,* 103 Wash. 159, 173 Pac. 1095; and has also held that the same rule applies to a contract to execute a lease; in other words, has held that the necessity of such a contract being acknowledged is the same as that a lease shall be acknowledged. *Richards v. Redelsheimer,* 36 Wash. 325, 78 Pac. 934. It is also settled by *our decisions that the statutory requirement that lease* contracts leasing or agreeing to lease real property for

terms exceeding one year be acknowledged is just as mandatory as that such contracts be in writing. *Forrester v. Reliable Transfer Co.*, 59 Wash. 86, 109 Pac. 312; *Anderson v. Frye & Bruhn*, 69 Wash. 89, 124 Pac. 499. The law as thus settled in this state is that an unacknowledged written lease or contract for a lease is nothing more than an oral contract within the meaning of our statute of frauds. Such is the contract here in question.

Contention is made in behalf of appellant that the contract became enforcible as against respondent the prospective lessee, because of part performance on the part of Laycock. A number of our decisions are cited to sustain this contention; but we think, when critically examined, they are not controlling here. According to the allegations of the complaint, the building as a whole was not constructed by appellant for respondent; it apparently would have been constructed by Laycock regardless of the attempted lease contract between him and respondent. Practically all that was done which is claimed as part performance on the part of Laycock was that, in the erection of the building, he, at the instance and request of respondent, made alterations from the plans and specifications looking to the fitting of the rooms suitable to respondent's convenience as a physician and surgeon. There is no allegation as to the extent of such changes or as to how much was expended in that behalf, or that such changes were of no use or value in connection with the building apart from the contemplated lease. Respondent never went into possession as lessee and never paid any rent, and this, it seems to us, is fatal to appellant's right of recovery, in view of the comparatively meager acts and doings on the part of Laycock claimed as part performance.

The following decisions of this court, relied upon by counsel for appellant, have to do with cases in which

there was an actual entering upon the premises by the lessee, and therefore the actual commencement of the tenancy, which, accompanied by other substantial acts of performance with reference to the entire contemplated term, resulted in taking the lease contract from under the ban of the statute. *McGlauflin v. Holman,* 1 Wash. 239, 24 Pac. 439; *Northcraft v. Blumauer,* 53 Wash. 243, 101 Pac. 871, 132 Am. St. 1071; *Koschnitzky v. Hammond Lumber Co.,* 57 Wash. 320, 106 Pac. 900; *Matzger v. Arcade Building & Realty Co.,* 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A 288; *Zinn v. Knopes,* 111 Wash. 606, 191 Pac. 822.

Observations made in our decision in *Wood v. Sill,* 124 Wash. 377, 214 Pac. 625, indicate that the court entertained the view that possession by the prospective tenant, and thus the actual commencement of the tenancy, is one of the most important, if not an absolutely necessary element, to constitute sufficient part performance to take a lease contract from under the ban of the statute. It is not impossible that, in the case before us, had the tenancy actually commenced by respondent entering into possession of the proposed leased premises and thus accepting the benefits of what Laycock did, which is now claimed as part performance on his part, the unacknowledged lease contract might be regarded as being sufficiently part performed to entitle appellant to hold respondent as a tenant for the entire contemplated term, though even then it may be well doubted that the meager performance on the part of Laycock would have avoided the effect of the statute. Our decision in *Forrester v. Reliable Transfer Co.,* 59 Wash. 86, 109 Pac. 312, deals with a situation wherein the tenancy had actually commenced and continued for a considerable period, and performance on the part of the lessor was very substantial in amount, by the making of improvements

with reference to the entire term exclusively for the benefit of the lessee, who was seeking to avoid his obligations under the lease, which improvements were also of no benefit whatever to the premises apart from the lease. To have allowed the lessee to escape liability for the rent during the whole term would have worked an entire loss to the lessor for the large amount of expenditures so made for the lessee's exclusive benefit.

Counsel for appellant cite and strongly rely upon our decisions in the three appeals in *Oldfield v. Angeles Brewing & Malting Co.*, 62 Wash. 260, 113 Pac. 630, Ann. Cas. 1912C 1050, 35 L. R. A. (N. S.) 426; 72 Wash. 168, 129 Pac. 1098; and 77 Wash. 158, 137 Pac. 469. A critical reading of those decisions will show that the validity of the lease contract there involved was not in the least questioned upon the ground that it was void under the statute of frauds. In the last decision the point seems to have been made that the contract was not executed by authority of the corporation because of want of its corporate seal being attached thereto, but otherwise its validity was not questioned in the least. The contract was, as a matter of fact, duly acknowledged in form.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.