[No. 46-40320-1. Division One. October 15, 1969.]
Panel 2

KIYO MOTODA, *Respondent*, v. MARIE MOREAU DONOHOE, *Appellant.*

*Marie Moreau Donohoe,* pro se.

*Sakahara & McArthur* and *Toru Sakahara,* for respondent.

UTTER, J.—Marie Donohoe rented an apartment from Kiyo Motoda, an apartment house owner, on a month-to-month tenancy. She was served with a 20-day notice to quit the premises. Upon her refusal to leave, the owner brought an action for unlawful detainer under RCW 59.12.030.

The trial court granted a motion to strike appellant's answer and also granted judgment on the pleadings. Donohoe appeals and assigns as error these actions by the trial court.

The sole question we decide on appeal is whether certain "equitable defenses" raised presented an issue of fact which made a judgment on the pleadings inappropriate. The parties will be referred to hereafter as landlord and tenant.

 Unlawful detainer is a summary proceeding designed to facilitate recovery of possession of leased property and, in such a proceeding, the primary issue is right to possession. *MacRae v. Way*, 64 Wn.2d 544, 392 P.2d 827 (1964). If, in an unlawful detainer action, it is established proper notice was given by the lessor, our court has been unwilling to expand the scope of the action and has not allowed many defenses normally available in a legal action. Defendants have not been permitted to assert offsets and counterclaims. *Young v. Riley*, 59 Wn.2d 50, 365 P.2d 769 (1961). Tenants, however, have been permitted to raise affirmative equitable defenses in unlawful detainer actions. *Himple v. Lindgren*, 159 Wash. 20, 291 P. 1085 (1930). *Watkins v. Balch*, 41 Wash. 310, 83 P. 321 (1906), (part performance of an oral contract); *Northcraft v. Blumauer*, 53 Wash. 243, 101 P. 871 (1909), (part performance of an oral lease).

The tenant does not assert the landlord has failed to follow the correct procedures. She asserts only that she has a right to a jury trial, as provided by RCW 59.12.130, to consider issues of fact raised by several affirmative "equitable defenses" set out in her answer.

 An equitable defense, as defined by our court, arises when:

[T]here is a substantive legal right, that is, a right which comes within the scope of juridical action, as distinguished from a mere moral right, and the procedure prescribed by statute for the enforcement of such right is inadequate or the ordinary and usual legal remedies are unavailing, it is the province of equity to afford proper relief, unless the statutory remedy is exclusive.

*Rummens v. Guaranty Trust Co.*, 199 Wash. 337, 347, 92 P.2d 228 (1939).

Summarizing the tenant's allegations in her complaint

denominated as "equitable defenses", she alleges: the land-lord acted out of malice and spite; that partial constructive eviction occurred; that moving to a new apartment will be costly and inconvenient and that the purpose of the action is to punish her for informing tenants of their legal rights against the landlord.

The statute imposes no restrictions upon the land-lord concerning the propriety of his motives. It merely requires he give the appropriate 20-day notice of intended termination, whatever be his motive.

Tenant argues the unlawful detainer statute is contrary to the provisions of the Fair Housing Act, 42 U.S.C. § 3601-19 (1968). No facts are alleged in the answer indicating her actions were within the scope of rights protected by that act.

She also argues *Thorpe v. Housing Authority of Durham*, 393 U.S. 268, 21 L. Ed. 2d 474, 89 S. Ct. 518 (1969), requires a ruling in her favor. This case involved steps to be followed in eviction proceedings concerning federally assisted housing projects. The answer of tenant does not allege her housing is such a project and the case is not applicable.

The defenses raised by tenant fail to meet the criteria for equitable defenses stated in *Rummens*. The trial court properly granted judgment on the pleadings, as no genuine issue of fact remained for trial. CR 12 (c).

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and STAFFORD, J., concur.

Petition for rehearing denied December 9, 1969.