[No. 6960–5–III.   Division Three.   May 7, 1985.]

ROBERT E. SKARPERUD, ET AL, *Respondents,* v. DON D. LONG, *Petitioner.*

*Steven J. Palmer, George Fearing,* and *Leavy, Schultz & Sweeney,* for petitioner.

*Stephen T. Osborne* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for respondents.

MUNSON, J.—May a defendant in an unlawful detainer action assert counterclaims and setoffs for alleged breaches of a lease and sums due for services rendered? We hold he may not.

Mr. and Mrs. Robert E. Skarperud leased approximately 350 acres of agricultural land to Don D. Long for "Grow-[ing] alfalfa hay and other crops, except potatoes". The lease covered irrigation equipment already on the land, but the Skarperuds did "not warrant that there is enough water to irrigate more land." The Skarperuds also covenanted they would "not interfere with lessee's farming operation." Long ceased paying rent and the Skarperuds brought this unlawful detainer action in May 1984. RCW 59.12.030(3).

Long counterclaimed in October 1984, alleging the Skarperuds failed to provide adequate water for irrigation of the leased premises and of an adjacent 30 acres, resulting in "damages . . . in an amount to be proven at trial." He also sought compensation for services and materials supplied.

The trial court granted the Skarperuds' motion to strike the counterclaims, on the ground it knew of no case allowing an equitable defense in an unlawful detainer action based purely upon nonpayment of rent. The court dismissed Long's counterclaims without prejudice and granted him a 1-week continuance to seek discretionary review.

Discretionary review was granted and an accelerated schedule established for review. RAP 18.12. The Skarperuds have moved to modify that ruling. Therefore, the issues are whether discretionary review was properly granted and, if so, whether the court erred in striking Long's counterclaims. We hold discretionary review was improvidently granted; the appeal is dismissed, with one slight modification.

RAP 2.3(b)(2) permits discretionary review if two requirements are fulfilled: probable error *and* substantial alteration of the status quo as a result of the superior court decision. The Skarperuds contend there was not probable error. We agree.

RCW 59.12 provides an extremely limited, summary proceeding whose purpose is to preserve the peace by determining who has the right to possession of the property. *Young v. Riley,* 59 Wn.2d 50, 365 P.2d 769 (1961). In general, the defendant may not assert a setoff or counterclaim in an unlawful detainer action. *Granat v. Keasler,* 99 Wn.2d 564, 570–71, 663 P.2d 830, *cert. denied,* 464 U.S. 1018, 78 L. Ed. 2d 723, 104 S. Ct. 549 (1983); *Young v. Riley, supra; Ralph v. Lomer,* 3 Wash. 401, 410, 28 P. 760 (1891); Stoebuck, *Law Between Landlord and Tenant in Washington: Part II,* 49 Wash. L. Rev. 1013, 1072–73 (1974). A counterclaim or setoff is permitted only in two situations: (1) the covenant to pay rent is dependent upon the covenants allegedly breached, *Income Properties Inv. Corp. v. Trefethen,* 155 Wash. 493, 284 P. 782 (1930); or (2) the defendant is asserting an equitable defense, *i.e.,* a recognized legal right without adequate legal means of enforcement. *First Union Management, Inc. v. Slack,* 36 Wn. App. 849, 679 P.2d 936 (1984); *Peoples Nat'l Bank v.*

*Ostrander,* 6 Wn. App. 28, 491 P.2d 1058 (1971); *Motoda v. Donohoe,* 1 Wn. App. 174, 459 P.2d 654 (1969).[1]

Here, the covenant to pay rent is independent of any covenant to supply water to the leased or adjacent premises or any agreement to supply labor or materials. The parties' lease calls for rental at a sum certain regardless of any crops produced or compensation for work performed.

In granting discretionary review, the commissioner found that Long alleged he was being deprived of the beneficial use of the property due to lack of irrigation water; if proved, this would excuse his obligation to pay rent. *First Union Management, Inc. v. Slack, supra,* and cases cited therein. However, Long did not allege deprivation of beneficial use or even partial constructive eviction, only that he had sustained damages as a result of an inadequate water supply. After the Skarperuds' complaint was filed in May 1984, Long resisted eviction on the ground he then had an alfalfa crop in the ground. Not until October did he assert his claim for damages. If, in fact, the Skarperuds ceased supplying water, Long could have abandoned the property and sued for damages. However, Long's attorney advised us in oral argument his contentions went only to part of the third cutting and to the fourth cutting for 1984; the alfalfa did not die but only went dormant; it is currently growing. Long chose to remain in possession, rent free.

In *Slack,* the landlord's wrongful failure to approve assignment of the lease was held not to deprive the tenant of the beneficial use of the property. In *Ostrander,* the court held defendants had an adequate remedy at law via the Washington trust deed act to present their fraud defenses. Retaliatory eviction was held not to be an equitable defense in *Motoda.*

The cases which have allowed assertion of defenses in unlawful detainer actions are distinguishable. In *Anderson-*

---

[1]The tenant may assert other affirmative defenses, provided he complies with CR 8(c). *See Foisy v. Wyman,* 83 Wn.2d 22, 32, 515 P.2d 160 (1973) (inadequate notice); *First Union Management, Inc. v. Slack, supra* at 855 (payment).

*ian Inv. Co. v. Wade,* 108 Wash. 373, 184 P. 327 (1919), the landlord sought forfeiture of a lease for breach of conditions, not failure to pay rent. In *Income Properties Inv. Corp. v. Trefethen, supra,* the tenant brought a bill in equity to enjoin the unlawful detainer action, a remedy not sought here.

*Foisy v. Wyman,* 83 Wn.2d 22, 515 P.2d 160 (1973), which permitted breach of an implied warranty of habitability as a defense to an unlawful detainer action brought for nonpayment of rent, was based upon the public policy against "urban blight" and "contemporary housing realities." No such public policy considerations appear here. If anything, public policy favors the productive use of agricultural land, which presumably would be advanced by allowing the Skarperuds to retake possession in a summary fashion.[2] Furthermore, the Supreme Court recently denied a counterclaim in another residential landlord–tenant dispute, reemphasizing the extremely limited nature of unlawful detainer actions. *Granat v. Keasler, supra.*

A motion to dismiss is usually viewed in the light most favorable to the nonmoving party. *E.g., Orwick v. Seattle,* 103 Wn.2d 249, 692 P.2d 793 (1984). However, to permit an unlawful detainer action to be transformed into a full–blown trial with a general allegation of damages would do violence to the purpose of the statute, which is to afford a summary remedy. Furthermore, the defendant would obtain an unfair advantage over other civil litigants who are not accorded the docket priority granted to unlawful detainer claimants. RCW 59.12.130. To survive a motion to dismiss, a counterclaim in an unlawful detainer action must specifically allege deprivation of beneficial use or some other recognized equitable defense.

In light of our holding there was not probable error, we need not discuss the second prerequisite to discretionary

---

[2] RCW 59.12.035, regarding holding over on agricultural land, evinces the Legislature's intent that the unlawful detainer statutes apply in agricultural, as well as commercial and residential, settings.

review, alteration of the status quo. The Skarperuds' motion for attorney fees is granted. RAP 18.1.

The Skarperuds' motion to modify the commissioner's ruling is granted and the appeal is dismissed, except the counterclaim is reinstated and continued to the regular civil docket instead of being stricken. CR 42(b).

GREEN, C.J., and THOMPSON, J., concur.

Reconsideration denied May 29, 1985.